648 A.2d 353

**Sandra KREVITZ, Executrix of the Estate
of Edward L. Krevitz, Appellant,**

v.

**CITY OF PHILADELPHIA and Towmotor Corporation.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1993.

Decided Sept. 14, 1994.

er, that such testimony should not have been given any weight and should have been excluded. *Walker.*

Hy Mayerson, for appellant.

Francis P. Devine, III, for appellees.

Before PELLEGRINI and KELLEY, JJ., and LORD, Senior Judge.

KELLEY, Judge.

Sandra Krevitz, executrix of the estate of her husband Edward L. Krevitz (decedent), appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which denied Krevitz' motion for a new trial and/or judgment n.o.v. following disposition of her negligence case against the City of Philadelphia (City).

The facts and procedure of this sixteen year old case may be summarized as follows. On August 22, 1978, decedent was fatally injured when a forklift he was operating overturned while he was maneuvering it on a City street behind his place of business. On April 25, 1979, Krevitz, representing the estate of her husband, initiated a negligence action against the City alleging that the street was defectively repaved, resulting in the creation of a soft spot that caused the accident to occur.

Two months after the accident and six months prior to the commencement of the action against the City, counsel for Krevitz wrote a letter to Ransome Lift Equipment Company (Ransome), the distributor of the forklift, alleging that the design of the forklift was defective, but failed to directly sue Ransome or the forklift manufacturer, Towmotor Corporation (Towmotor), until many years after the running of the statute of limitations.[1]

In February, 1982, the City filed a complaint joining Towmotor and Ransome after the statute of limitations had run for Krevitz against Towmotor.[2] In its complaint, the City alleged that the Towmotor forklift was defectively designed, leading to the rollover of the forklift and causing decedent to be fatally crushed by the weight of the machine.

On January 7, 1985, Krevitz filed a motion to amend the complaint to sue Towmotor directly.[3] Krevitz alleged, *inter alia*, that Towmotor had fraudulently concealed the defective design of its forklift and had fraudulently concealed numerous other overturn accidents in which unwarned forklift operators were crushed to death. After thirteen months of extensive briefing, discovery and oral argument, the trial court denied the motion by oral order on February 18, 1986.

A jury trial was held in May, 1986, at the conclusion of which the jury returned a verdict in favor of the City. The jury did not address the issue of whether Towmotor acted negligently because Krevitz did not have a direct claim against the manufacturer. On June 18, 1986, Krevitz filed a motion for new trial and/or judgment n.o.v., alleging that the trial

1. Pursuant to 42 Pa.C.S. § 5524(2), the limitation period for wrongful death and survival claims expired on August 21, 1980, two years after the accident.

2. Within two years of the date it was served, the City was able to secure an agreement with Towmotor to allow joinder at a later time if its investigation showed liability on the part of Towmotor. By so doing, the City secured an extension of time, which allowed the City to arrange for an expert to evaluate the forklift and confirm its instability.

3. This filing occurred six years and five months after the accident and two years and eleven months after the City joined Towmotor as an additional defendant.

court erred in denying her motion to amend the complaint to add Towmotor as an additional defendant.

Following the passage of fifteen months without procedural activity, Towmotor moved to dismiss the post-verdict motion for failure to prosecute. Based on counsel for Krevitz' representation that the delay was due to his inability to obtain the trial transcript, the trial court denied Towmotor's motion for non-pros on October 14, 1987. Another four years of complete inactivity followed.

Without the trial transcripts, Krevitz filed a motion for a new trial in November, 1991, and a "motion for a new trial and/or judgment n.o.v. as against the City and Towmotor" in February, 1992. In these post-verdict motions, Krevitz (1) renewed her earlier argument that Towmotor had deliberately and fraudulently concealed the alleged defective design, precluding a cause of action against Towmotor; (2) argued that she be allowed to present the testimony of an expert concerning Towmotor's corporate decision not to warn customers of the forklift's alleged propensity to overturn during operation; (3) argued that newly-discovered evidence illuminated Towmotor's alleged fraudulent concealment and destruction of evidence as a continuing course of conduct; and, (4) asserted that meaningful review mandated access to the trial transcripts.

On December 10, 1991, Towmotor again filed a motion to dismiss plaintiff's post-verdict motions based on the failure of Krevitz to prosecute the motions.

The trial court heard oral argument on the outstanding post-verdict motions on June 4, 1992. At this time, Krevitz waived and abandoned any claim of error in the trial that exonerated the City from responsibility. Instead, Krevitz claimed that there was a pattern of fraudulent activity on the part of Towmotor to conceal from the public, the courts, and Krevitz, the defects in the design of its forklift, along with the dangers in operating the machine. Therefore, Krevitz maintained, the trial court erred when it denied Krevitz' motion to amend her complaint to add Towmotor as an additional defendant even though several years had elapsed since the statute

of limitations expired. Krevitz further alleged that there was newly-discovered evidence that Towmotor fraudulently concealed information in its possession concerning the danger of the forklift.

On July 8, 1992, the trial court issued its order denying the post-verdict motions on the basis that the facts on which Krevitz relied to show concealment by Towmotor, even if believed, were insufficient to toll the running of the statute of limitations. In so concluding, the trial court held there was no error in its decision denying Krevitz' motion to amend her complaint to include Towmotor. The trial court subsequently denied Krevitz' motion for reconsideration. This appeal followed the entry of final judgment on October 29, 1992.

Initially, we note that our scope of review of a denial of a motion for a new trial is limited to a determination of whether the trial court abused its discretion or committed clear legal error. *Milan v. Department of Transportation*, 153 Pa.Commonwealth Ct. 276, 620 A.2d 721 (1993), *petition for allowance of appeal denied*, 535 Pa. 650, 633 A.2d 154 (1993). Likewise, our review of a denial of a motion for judgment n.o.v. is limited to the same determination. *United States Fidelity & Guaranty Co. v. Royer Garden Center*, 143 Pa.Commonwealth Ct. 31, 598 A.2d 583 (1991), *petition for allowance of appeal denied*, 530 Pa. 663, 609 A.2d 170 (1992). We must view the record in a light most favorable to the verdict winner and grant that party every inference. *Id.*

On appeal, Krevitz avers that the trial court erred in denying her motion to amend in that Towmotor has actively sought to conceal the defective design and manufacture of its forklift for many decades.[4] Because of this alleged fraudulent

4. Krevitz alleges that the principal defects in the design of the forklifts were their lateral instability and the absence of operator seatbelts. The alleged acts of fraudulent concealment include: (1) Towmotor's use of an alleged self-serving, inaccurate lateral stability test known as ANSI B56.1, developed by the forklift industry as a threshold against which other forklifts could be measured to insure their safety; (2) Towmotor's alleged "cover-up" of numerous forklift overturns, citing only five that were relevant, while Krevitz knew of 29 at the time her motion to amend was filed; (3) in light of the accident history, Towmotor's failure

concealment, Krevitz argues, she did not bring suit against Towmotor within the two year period following decedent's accident. Upon learning of the alleged defects, Krevitz maintains, she immediately sought permission from the trial court to amend her complaint and sue Towmotor directly.

Further, Krevitz argues that newly-discovered evidence supporting her theory of fraudulent concealment was sufficient to warrant a new trial despite the running of the statute of limitations. According to Krevitz, the new information consists of evidence of a cover-up of a forklift tipover which amputated the legs of Towmotor's engineering/safety expert who testified at trial; evidence that the driver of the forklift depicted in the safety movie shown to the jury was actually wearing a seatbelt despite Towmotor's contrary statements before and during the trial; witnesses to the accident in question perjured themselves; and Towmotor destroyed a videotape of the accident in defiance of the trial court's order forbidding destruction of accident records.

Lastly, Krevitz asserts that the trial court erred in concluding that (1) the trial transcript was not needed to decide the motion to amend complaint; (2) the absence of the transcript did not require the grant of a new trial; and, (3) the unavailability of the transcript was the fault of counsel for Krevitz.[5]

In support of its position that the trial court properly denied the post-trial motions of Krevitz, Towmotor herein principally argues that any cause of action against it is barred by the statute of limitations because the motion to amend was com-

to warn the user community of the inherent, latent dangers of its product while advertising the use of the product in a fashion which increased the risk of lateral overturn; and (4) Towmotor's discovery practices, allegedly intended to shield overturn accidents from any investigation, including the destruction or discarding of records of overturn deaths and crippling injuries.

5. Krevitz maintains that the notes of trial testimony are necessary to prove Towmotor's fraudulent concealment at trial with respect to the use of an operator restraint by the driver depicted in Towmotor's safety movie "The Color of Danger". Krevitz avers that the transcript would reveal that at trial Towmotor represented that the driver of the forklift in the movie was not wearing a seatbelt, when in fact, Krevitz has learned that the driver was wearing an operator restraint.

menced more than two years after Krevitz' discovery of her husband's injuries; that is, the date of the fatal accident.

■ The present action is controlled by the two-year statute of limitations set forth in 42 Pa.C.S. § 5524, which provides in pertinent part:

## Two year limitation

The following actions and proceedings must be commenced within two years:

* * * * * *

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or negligent or unlawful violence or negligence of another.

42 Pa.C.S. § 5524(2).

This two year period begins to run "as soon as the right to institute and maintain suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." *Pocono International Raceway v. Pocono Produce*, 503 Pa. 80, 84, 468 A.2d 468, 471 (1983). A person asserting a claim has the duty to use "all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period." *Id.*

In *Baily v. Lewis*, 763 F.Supp. 802 (E.D.Pa.1991), *affirmed*, 950 F.2d 721 (3d Cir.1991), the court reviewed the standard of reasonable diligence under Pennsylvania law and stated:

In defining reasonable diligence, the courts have stated "[t]here are very few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful. This is what is meant by reasonable diligence." *Urland v. Merrell–Dow Pharmaceuticals, Inc.*, 822 F.2d 1268, 1273 (3d Cir.1987) (quoting *Deemer v. Weaver*, 324 Pa. 85, 90, 187 A. 215, 217 (1936)). Moreover, with respect to knowledge of a claim, "plaintiffs need not know that they have a cause of

action, or that the injury was caused by another party's wrongful conduct, for once a plaintiff possesses the salient facts concerning the occurrence of his injury and *who* or *what* caused it, he has the ability to investigate and pursue his claim." *Vernau v. Vic's Market, Inc.,* 896 F.2d 43, 46, (3d Cir.1990); *accord Citsay v. Reich,* 380 Pa.Super. 366, 370–371, 551 A.2d 1096, 1098 (1988).

*Id.* at 806–07.

In those instances where the plaintiff cannot reasonably be expected to be aware of the injury or of its cause, the discovery rule may apply to toll the running of the statute of limitations. *Id.* The discovery rule is a judicially created device which provides that the limitations period begins to run when "the plaintiff knows or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." *Redenz by Redenz v. Rosenberg,* 360 Pa.Superior Ct. 430, 434, 520 A.2d 883, 885, *allocatur denied,* 516 Pa. 635, 533 A.2d 93 (1987).

The statute begins to run when the injured party "possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress." *Brunea v. Gustin,* 775 F.Supp. 844, 846 (W.D.Pa.1991), (quoting *Zeleznik v. United States,* 770 F.2d 20, 23 (3d Cir.1985)).

■ Pennsylvania law recognizes that fraudulent concealment by the potential defendant can result in the tolling of the statute of limitations. Our Supreme Court has described the fraudulent concealment doctrine as follows:

Where, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry," the defendant is estopped from invoking the bar of the statute of limitations. *Schaffer v. Larzelere,* 410 Pa. 402, 405, 189 A.2d 267, 269 (1963). Moreover, defendant's conduct need not rise to fraud or concealment in the strictest sense, that is, with an intent to deceive; unintentional fraud or concealment is sufficient. *Walters v. Ditzler,* 424 Pa. 445, 227 A.2d 833 (1967); *Nesbitt v. Erie*

*Coach Company,* 416 Pa. 89, 204 A.2d 473 (1964). Mere mistake, misunderstanding or lack of knowledge is insufficient however, *Schaffer v. Larzelere, supra;* and the burden of proving such fraud or concealment, by evidence which is clear, precise and convincing, is upon the asserting party. *Nesbitt v. Erie Coach Company, supra.*

*Molineux v. Reed,* 516 Pa. 398, 402–03, 532 A.2d 792, 794 (1987).

■ Further, although mere silence or nondisclosure is not enough to trigger estoppel, the adversary must commit some affirmative independent act of concealment upon which the plaintiffs justifiably rely in order to toll the statute. *Walters;* Dobbs on Remedies § 2.3 at 42.

■ After an exhaustive review of the voluminous record in this case, we have found no evidence which would exonerate Krevitz from her duty to exercise reasonable diligence in discovering the possibility of a design defect prior to the expiration of the statute of limitations.

On the contrary, Krevitz suspected that design defects were a contributing factor in the accident, but failed to pursue this against Towmotor directly. Krevitz considered the possibility of a defective forklift immediately after the accident as evidenced by the October 18, 1978 letter counsel for Krevitz authored to Ransome, wherein he claimed that the decedent's death resulted from "equipment purchased from you wherein the design was of a dangerous and defective nature so as to causally contribute to his death." (Reproduced Record at 9b). There is no doubt that Krevitz knew of the possibility that Towmotor was responsible for the accident, but she failed to act by not including Towmotor in the original complaint. Moreover, by entering into its agreement with Towmotor prior to the running of the statute of limitations, the City was able to investigate and develop a case against Towmotor. With the extension of time, the City properly joined Towmotor as an additional defendant.

■ Next, any argument based on the discovery rule is unavailable to Krevitz in this matter. In *Pastierik v. Du-*

*quesne Light Company,* 514 Pa. 517, 526 A.2d 323 (1987), our Supreme Court held that the discovery rule cannot be utilized to extend the time for filing wrongful death and survival actions beyond the statutory period, and that such actions cannot, under 42 Pa.C.S. § 5524(2), be filed more than two years after the death of the party on whose behalf the action may be maintained. Thus, the discovery rule is inapplicable here as a means to toll the running of the statute of limitations.

Further, Krevitz' assertion that the statute of limitations was tolled by Towmotor's alleged fraudulent concealment of certain information is without merit. The record reveals that Krevitz failed to meet her burden of proving, by evidence of a clear, precise and convincing nature, that Towmotor committed an affirmative independent act of concealment upon which Krevitz justifiably relied. *Nesbitt; Walters.*

Accordingly, we find Krevitz' allegations regarding Towmotor's advertising, testing and record-keeping procedures insufficient to constitute fraudulent concealment.

Similarly, we find Krevitz' argument that a new trial is necessary to consider newly-discovered evidence of Towmotor's alleged fraudulent activities devoid of merit. Most of the accidents cited by Krevitz as "new evidence" of Towmotor's defective design or fraudulent concealment of same, occurred after the conclusion of the 1986 trial. Indeed, the primary component of the arguably new evidence is the record of a 1987 forklift accident that injured a Towmotor engineer who testified at trial. However, this evidence is cumulative to the evidence presented with the original motion to amend in January, 1985.

Pennsylvania law authorizes the grant of a new trial when newly-discovered evidence is obtained which the party seeking relief could not have ascertained through the exercise of due diligence, provided the evidence is new and not cumulative. *Cudo v. Hallstead Foundry, Inc.,* 517 Pa. 553, 539 A.2d 792 (1988). Having concluded that similar evidence of previous overturn accidents could have been discovered through the

exercise of due diligence within the two year statue of limitations, this "new", cumulative evidence does not warrant a new trial wherein Krevitz could proceed directly against Towmotor.

Finally, with respect to the lost trial transcripts, these appear largely to be irrelevant to Krevitz' current claim which concerns allegations of fraud on the part of Towmotor alone. Krevitz has long since abandoned any claims against the City, whose liability was the subject of the trial. Additionally, we find no evidence that implicates Towmotor with responsibility for the unavailability of trial transcripts. Once more, this was an area where Krevitz or her counsel failed to exercise reasonable diligence in promptly obtaining copies of the transcripts from the court reporters.

Accordingly, having found no error in the trial court's denial of Krevitz' post-trial motions, we affirm the order of the trial court.

## ORDER

NOW, this 14th day of September, 1994, the order of the Court of Common Pleas of Philadelphia County, dated July 8, 1992, at No. 4635, April Term, 1979, is hereby affirmed.