# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott Newton Kerns,                    :
                    Appellant          :
                                       :    No. 669 C.D. 2016
        v.                             :    Submitted: November 10, 2016
                                       :
Tonya Helaine Tharp                    :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                   **FILED: March 8, 2017**

Scott Newton Kerns (Kerns), an inmate at the State Correctional Institution in Frackville, representing himself, appeals from an order of the Berks County Court of Common Pleas (trial court) sustaining preliminary objections filed by Tonya Helaine Tharp (Tharp), the assistant district attorney who prosecuted him. The trial court dismissed his complaint with prejudice, and it barred Kerns from filing similar claims in the future pursuant to Pa. R.C.P. No. 233.1. Kerns argues the trial court was biased and that it erred in disregarding new evidence and in not requiring Tharp to file an answer. Upon review, we affirm.

## I. Background

In 2001, Kerns pled guilty to indecent deviate sexual intercourse with a child under 13 years of age. He was sentenced to 90 months to 20 years in prison, and is currently incarcerated for sexual assault. Our Superior Court affirmed the judgment of sentence, and Kerns did not seek further review. See Commonwealth v. Kerns, 844 A.2d 1282 (Pa. Super. 2003).

In 2007, Kerns filed a *pro se* civil suit in the trial court against the Muhlenberg Township Police Department, Gail Chiodo, Esq., Richard Joyce Esq., the victim, and Tharp (First Complaint). In the First Complaint, Kerns claimed his civil rights were violated as a result of a conspiracy between the victim, her mother, the public defenders who represented him, and Tharp who prosecuted him. He also asserted negligence claims against each attorney.

Tharp filed preliminary objections to the First Complaint for lack of proper service, and in the nature of a demurrer. Tharp asserted Kerns' claims were precluded by the statute of limitations, the bar on collateral attacks on a conviction, and prosecutorial immunity. The trial court sustained the preliminary objections, and dismissed Tharp from the suit with prejudice. Subsequently, the trial court dismissed the First Complaint with prejudice. Kerns appealed that order to this Court. We affirmed, reasoning Kerns did not effectuate proper service, and holding the claims contained in the First Complaint were barred by the statute of limitations. See Kerns v. Joyce (Pa. Cmwlth., No. 874 C.D 2010, filed December 10, 2010) (unreported), appeal denied, (Pa., No. 78 MAL 2011, filed June 7, 2011).

In July 2015, Kerns filed the complaint underlying this appeal, asserting claims against Tharp similar to the claims dismissed in the First Complaint (Second Complaint).[1] Specifically, Kerns alleged Tharp conspired with his ex-wife to prosecute him for a crime he did not commit, knowing that his ex-wife manufactured the evidence against him. He asserted Tharp is not immune from

---

[1] Kerns also filed a separate complaint alleging similar claims against the victim, the dismissal of which he appealed to this Court, docketed at Kerns v. J.L.R. (Pa. Cmwlth., No. 234 C.D. 2016, filed March 8, 2017).

suit because conspiracy is a crime. He also claimed Tharp's conduct violated his constitutional rights to due process, equal protection and liberty.

Tharp filed preliminary objections to the Second Complaint, asserting it must be dismissed pursuant to Pa. R.C.P. Nos. 1028(a)(1) for improper service, and 1028(a)(4) for legal insufficiency. She argued that as a matter of law, Kerns cannot state a claim for malicious prosecution or violations of his constitutional rights. She emphasized her prosecutorial immunity, and maintained that Kerns' collateral attacks on his conviction must fail when his conviction remains valid.

In addition, Tharp explained Kerns filed another civil action against her, raising similar claims in the First Complaint. Specifically, Kerns "alleged that his Civil Rights were violated as a result of a conspiracy between the Assistant Public Defender and [Tharp], and also asserted a negligence claim against each of those attorneys in the handling of his criminal matter." Certified Record (C.R.), Item No. 9 (Preliminary Objections at ¶7). She noted that the victim was also a defendant in that litigation, and the trial court dismissed the First Complaint with prejudice. She attached this Court's decision upholding dismissal of the First Complaint to her brief in support of preliminary objections.

After hearing argument in April 2016, the trial court sustained the preliminary objections and dismissed the Second Complaint with prejudice. In addition, the trial court barred Kerns from pursuing additional *pro se* litigation against Tharp without leave of court pursuant to Pa. R.C.P. No. 233.1. Kerns appealed the order to this Court.

The trial court directed Kerns to file a concise statement of the errors complained of on appeal under Pa. R.A.P. 1925(b). In its Rule 1925(a) opinion, the trial court extensively analyzed Tharp's preliminary objections. As to improper service, it reasoned Kerns' service by regular mail did not comply with Pa. R.C.P. No. 400, pertaining to service of initial process. As to legal insufficiency, the trial court explained Kerns was unable to establish any of his claims based on immunity and statute of limitation defenses. Specifically, the trial court concluded Kerns could not state a claim for malicious prosecution or violations of the federal and state constitutions. It also noted Kerns raised the same due process claims in the First Complaint, which was dismissed with prejudice, and affirmed by this Court.

Tharp moved to dismiss Kerns' appeal for failure to file a brief after this Court granted numerous extensions to allow him to do so. This Court accepted his brief, untimely filed, and denied Tharp's motion. The matter is now ready for disposition.

## II. Discussion

On appeal,[2] Kerns assigns error to the trial court as follows: (1) dismissing his case based on bias against him; (2) disregarding Kerns' new evidence; and, (3) not requiring Tharp to answer the Second Complaint based on the new evidence. Significantly, Kerns did <u>not</u> challenge the part of the trial

---

[2] In determining "whether preliminary objections in the nature of a demurrer were properly sustained, the standard of review is *de novo* and the scope of review is plenary." <u>Balletta v. Spadoni</u>, 47 A.3d 183, 189 n.2 (Pa. Cmwlth. 2012).

4

court's order precluding him from filing additional *pro se* litigation involving related claims without leave of court under Pa. R.C.P. No. 233.1.

It bears emphasis that Kerns made the same assignments of error against the trial court in another appeal pending before this Court in <u>Kerns v. J.L.R.</u>, 234 C.D. 2016, involving another defendant from the First Complaint.

As to his first assignment of error, Kerns does not describe any bias or prejudice shown by the trial court. Appellate arguments that fail to adhere to the Rules of Appellate Procedure, or are not appropriately developed are waived. <u>See</u> Pa. R.A.P. 2119; <u>Coulter v. Ramsden</u>, 94 A.3d 1080 (Pa. Super. 2014). "Mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter." <u>Boniella v. Commonwealth</u>, 958 A.2d 1069, 1073 n.8 (Pa. Cmwlth. 2008). Because Kerns did not brief this argument, we need not address it.

In his second assignment of error, Kerns claims the trial court was required to consider new evidence in the form of a default judgment he obtained against his ex-wife (the victim's mother) in another civil proceeding. From our review of his uncounseled brief, it appears Kerns considers the default judgment an admission that Tharp and the ex-wife conspired to imprison him. <u>See</u> Appellant's Br. at 6. He contends the trial court abused its discretion in dismissing the Second Complaint without allowing him to prove his claims based on these admissions.

Kerns misapprehends the import of the party against whom he obtained default judgment. "A default judgment operates as an admission <u>by the defendant</u> of the truth of all facts well[-]pleaded." <u>Wilson v. Maryland Cas. Co.</u>, 105 A.2d 304, 312 (Pa. 1954) (emphasis added). The victim's mother was the defendant in the action in which Kerns obtained default judgment, not Tharp. Thus, any alleged admissions are attributable to the victim's mother only. Kerns offers no grounds for attributing any alleged admissions to Tharp.

Further, the trial court noted Kerns merely "alluded to" newly discovered evidence[3] in the form of the default judgment. Tr. Ct., Slip Op., 6/13/16, at 7. He did not plead those facts in the Second Complaint, so they are not accepted as true at the preliminary objection stage.

Nevertheless, the alleged admissions pertain to the underlying facts. The trial court dismissed the Second Complaint based on lack of proper service, and failure to state a claim as a matter of law. Additional facts, even if proven, do not cure Kerns' improper service or the legal insufficiency of his claims.

We likewise discern no merit in Kerns' third contention, that the trial court erred in not requiring Tharp to answer the Second Complaint. Tharp did not file a separate motion to dismiss. Rather, she incorporated her grounds for dismissal

_____

[3] Kerns suggests the default judgment is new evidence that warrants revisiting his claims. A new trial may be granted when "newly-discovered evidence is obtained which the party seeking relief could not have ascertained through the exercise of due diligence, provided the evidence is new and not cumulative." <u>Krevitz v. City of Phila.</u>, 648 A.2d 353, 358 (Pa. Cmwlth. 1994). However, Kerns did not assert the evidence could not be discovered through reasonable diligence.

into preliminary objections. The Rules of Civil Procedure allow a litigant to respond to a complaint by filing preliminary objections as an alternative to an answer. <u>See</u> Pa. R.C.P. No. 1028. Kerns could have potentially mooted the objections by filing an amended complaint under Rule 1028(c)(1). He did not do so.

Mindful of our appellate review, and informed by our independent research, we concur with the trial court's reasoning and conclusion that the Second Complaint was properly dismissed with prejudice. Similar to the First Complaint, Kerns failed to effectuate proper service, and failed to state a cognizable claim for which relief could be granted. Accordingly, we adopt the trial court's thoughtful and thorough opinion authored by The Honorable Madelyn S. Fudeman, filed June 13, 2016, in <u>Kerns v. Tharp</u>, Civil Action-Law, No. 15-14968 (C.P. Berks), sustaining Tharp's preliminary objections.

### III. Conclusion

For the foregoing reasons, and those set forth in the trial court's well-reasoned opinion, we affirm.

ROBERT SIMPSON, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott Newton Kerns,          :
            Appellant     :
                           :    No. 669 C.D. 2016
         v.                :
                           :
Tonya Helaine Tharp       :

## **O R D E R**

**AND NOW**, this 8th day of March, 2017, the order of the Berks County Court of Common Pleas is **AFFIRMED**.

 

 

_____
ROBERT SIMPSON, Judge