475 A.2d 740

**Dana A. CHIESA, Appellant,**

**v.**

**A.M. FETCHKO, M.D., George F. Edmonston, M.D., and Joseph Ragheb, M.D. and Pennsylvania Department of Public Welfare.**

Supreme Court of Pennsylvania.

Argued March 6, 1984.

Decided May 25, 1984.

Reargument Denied July 24, 1984.

William S. Schweers, Jr., Harrington & Schweers, Pittsburgh, for appellants.

Michael D. Heintzman, Pittsburgh, for appellees A.M. Fetchko, M.D. and George F. Edmonston, M.D.

Bradford Dorrance, Assistant Council, Harrisburg, for appellee Dept. of Public Welfare.

Rogert Margolis, Harrisburg, for appellees.

Donald A. Tortorice, Jack M. Mumford, Harrisburg, amici curiae for Hosp. Ass'n of Pa.

Robert E. Kelly, Jr., Harrisburg, amici curiae for Pa. Professional Liability Joint Underwriting Ass'n.

Fred Speaker, Pepper, Hamilton & Scheetz, Harrisburg, amici curiae for Pennsylvania Medical Soc.

Before ROBERT N.C. NIX, Jr., C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON PAPADAKOS and ZAPPALA, JJ.

## ORDER

PER CURIAM.

The parties in the instant appeal frame the issues as being whether Section 602 of the Health Care Services Malpractice Act (Act), Act of October 15, 1975, P.L. 390, *as amended,* 40 P.S. § 1301.602 (Supp.1983–84), applies to medical malpractice cases settled within the exclusive jurisdiction of the common pleas courts. We need not address this issue, however, inasmuch as the arbitration process in the area of medical malpractice has been declared unconstitutional. *Heller v. Frankston,* 504 Pa. 528, 475 A.2d 1291 (1984); *Mattos v. Thompson,* 491 Pa. 385, 421 A.2d 190 (1980). The statutory section in question, entitled "Reduc-

tion of award by other benefits," is no longer viable. *Heller v. Frankston, supra; Mattos v. Thompson, supra.*

Accordingly, the Order of the Superior Court is hereby affirmed.

HUTCHINSON, J., filed a dissenting opinion.

PAPADAKOS, J., did not participate in this case.

HUTCHINSON, Justice, dissenting.

For the reasons set forth in my dissenting opinion in *Heller and Simone v. Frankston,* 504 Pa. 528, 475 A.2d 1291 (1984), I also dissent in this case. I would reach the merits, determine whether an irreconcilable conflict exists between Section 602 of the Health Care Services Malpractice Act, Act of October 15, 1975, P.L. 390, *as amended,* 40 P.S. § 1301.602 (Supp.1983–84) and Section 1409 of the Fraud and Abuse Control Act, Act of June 13, 1967, P.L. 31, added July 10, 1980, P.L. 493, 62 P.S. § 1409, and, if so, resolve it.