489 A.2d 240

Edmund VIADOCK, Guardian of the Estate of Beverly Ann Viadock, Incompetent; Edmund Viadock, Parent and Natural Guardian of Shawn Viadock and Scott Viadock, Minors; and Edmund Viadock, In His Own Right

v.

NESBITT MEMORIAL HOSPITAL, Wilkes-Barre General Hospital, Victor T. Ambruso, M.D., Samuel Mackall, M.D., and John Doe, M.D.

v.

William H. BOYLE, Gordon H. Earles, M.D., Bernard Holleran, M.D., Jacob G. Hyman, M.D., Albert J. Klem, M.D., A.A. Mascali, M.D., Robert H. Peters, M.D., Shishir C. Prasad, M.D., N–7, Fernando Araya, M.D., Craig D. Aicher, M.D.

Appeal of PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE.

Superior Court of Pennsylvania.

Argued Oct. 18, 1984.

Filed March 1, 1985.

438

Bradford Dorrance, Harrisburg, for appellant.

Paul J. Drucker, Philadelphia, for Viadock, appellees.

Before CAVANAUGH, CIRILLO and JOHNSON, JJ.

JOHNSON, Judge:

This case comes before us on appeal from an Order denying Appellant, the Pennsylvania Department of Public Welfare (the Department), the right to intervene in a suit claiming damages arising from alleged medical malpractice.

Beverly Ann Viadock, the plaintiff in the instant case, became ill in September of 1978, thereby incurring substan-

tial medical bills. In August of 1980, before the Arbitration Panel for Health Care, plaintiff instituted suit against two hospitals and twelve physicians for injuries incurred as a result of their alleged malpractice. In December of 1980, plaintiff transferred the case to the Court of Common Pleas of Luzerne County.

The Department, which had paid plaintiff's medical expenses and had provided funds to the plaintiff's family during the pendency of the action, sought to intervene in order to recover the monies which had been expended on behalf of plaintiff and her family.

The trial court recognized that, as a general proposition of law, the Department has a right to be reimbursed for public assistance payments[1] from certain types of assets owned by a recipient and by his or her spouse and unemancipated minor children, Section 4(a) of The Support Law,[2] and that the Department's regulations specifically include a personal injury claim as one of the assets available for such purpose. *Shearer v. Moore*, 277 Pa.Super. 70, 419 A.2d 665 (1980); 55 Pa.Code § 257.23(c).

Any public body or public agency may sue the owner of such property directly for monies so expended, 62 P.S. § 1974(a), or may sue for and recover from third parties any sum of money due such person. 62 P.S. § 1975(a). If the amount due shall have been reduced to judgment, the public body or public agency may be substituted as plaintiff in the judgment and, if the sum due is founded on an order or decree of court, the public body or public agency shall have the right to recover the same. 62 P.S. § 1975(b).

In 1980, the legislature enacted the Fraud and Abuse

1. Cash and medical assistance benefits are included within the general statutory definition of public assistance. 62 P.S. § 402.

2. Act of June 24, 1937, P.L. 2045, § 4, *as amended*, Act of June 9, 1939, P.L. 310, § 1; Act of September 26, 1951, P.L. 1455, § 2; Act of June 19, 1961, P.L. 475, § 1; Act of August 22, 1961, P.L. 1029, § 2; Act of July 26, 1963, P.L. 318, § 1; Act of August 13, 1963, P.L. 682, § 1, 62 P.S. § 1974(a).

Control Act,[3] Section 1409(b)(1) of which provides, in pertinent part:

§ 1409. Third Party Liability

. . . .

(b)(1) When benefits are provided or will be provided to a beneficiary under this section because of an injury for which another person is liable, or for which an insurer is liable in accordance with the provisions of any policy of insurance issued pursuant to Pennsylvania insurance laws and related statutes *the department shall have the right to recover from such person or insurer the reasonable value of benefits so provided.* (Emphasis added.)

The trial court, when confronted with the issue of the Department's right to intervene, considered whether the above-cited case law and statutory provisions were applicable to the case before it. Conceding that the provisions of the Fraud and Abuse Control Act would seem to mandate that intervention be allowed in all actions against a third party for recovery of damages by a recipient of public assistance, the trial court, relying upon the Allegheny County Court of Common Pleas decision in *Chiesa v. Fetchko*, 9 P.L.J. 363 (1982), denied intervention. Applying the rationale of *Chiesa* to the facts before it, the trial court in the instant case held that under Section 602, part of the arbitration process under the Health Care Service Malpractice Act (HCSMA),[4] intervention by the Department as a subrogee was precluded.[5] 40 P.S. § 1301.602 provides:

Section 1301.602. *Reduction of award by other benefits*

The loss and damages awarded under this act shall be reduced by any public collateral source of compensation or benefits. A right of subrogation is not enforceable

---

**3.** Act of June 13, 1967, P.L. 31, No. 21, *as amended,* Act of July 10, 1980, P.L. 493, No. 105, § 3, 62 P.S. § 1401 *et seq.*

**4.** Act of October 15, 1975, P.L. 390, No. 111, 40 P.S. § 1301.101 *et seq.*

**5.** Subsequent to the decision of the trial court in the instant case, however, *Chiesa v. Fetchko*, 9 P.L.J. 363 (1982) was expressly overruled by this Court in *Chiesa v. Fetchko*, 318 Pa.Super. 188, 464 A.2d 1293 (1983), *aff'd on other grounds,* 504 Pa. 503, 475 A.2d 740 (1984).

against any benefit or compensation awarded under this act or against any health care provider or its liability insurer.

■ On appeal the Department contends, as it did below, that there is an irreconcilable conflict between the applicable provisions of the Fraud and Abuse Control Act and the HCSMA—that the Fraud and Abuse Control Act, having been enacted subsequent to the HCSMA, must be deemed to prevail over the conflicting anti-subrogation provision in the HCSMA. Inasmuch as the arbitration process in the area of medical malpractice has recently been declared unconstitutional, however, Section 602 of the HCSMA is no longer viable. *See Chiesa v. Fetchko*, 504 Pa. 503, 475 A.2d 740 (1984); *Heller v. Frankston*, 504 Pa. 528, 475 A.2d 1291 (1984); *Mattos v. Thompson*, 491 Pa. 385, 421 A.2d 190 (1980). Hence, Sections 1974 and 1975 of The Support Law and Section 1409 of the Fraud and Abuse Control Act are controlling.

■ The question of intervention is a matter within the sound discretion of the court below and unless there is a manifest abuse of such discretion, its exercise will not be disturbed upon review. *Darlington v. Reilly*, 363 Pa. 72, 69 A.2d 84 (1949); *Harrington v. Philadelphia City Employees Federal Credit Union*, 243 Pa.Super. 33, 364 A.2d 435 (1976); 16 Standard Pennsylvania Prac. § 91:53. The trial court indicated that were it not for Section 602's prohibition of the enforceability of the right of subrogation, intervention would seem to be mandated under the Fraud and Abuse Control Act. In its disposition of the Department's petition to intervene, however, the trial court relied upon the applicability of Section 602 and, therefore, never considered the averments in the petition respecting the right to intervene pursuant to The Support Law, the Fraud and Abuse Control Act, and Pa.R.C.P. 2327.[6] We therefore

6. **Rule 2327. Who May Intervene**
 At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if

vacate the Order of November 16, 1982, and remand for proceedings not inconsistent with this opinion.

We note additionally that Section 1409(b)(9) of the Fraud and Abuse Control Act provides:

> No judgment, award, or settlement in any action or claim by a beneficiary to recover damages for injuries, where the department has an interest, shall be satisfied without first giving the department notice and an opportunity to perfect and satisfy his [sic] lien.

After argument, but prior to the trial court's subsequent denial of the Department's petition to intervene, the court approved a compromise agreement which plaintiff had reached with defendants. The Department was neither notified of, nor made a party to, the settlement agreement.

 Irrespective of the issue of the Department's right to intervene in any particular case we are satisfied that, where the Department has an interest, Section 1409(b)(9) requires that the Department be given notice and an opportunity to perfect and satisfy its lien prior to satisfaction of the judgment, award or settlement. Hence, in the instant case, Appellant should have been notified that a settlement agreement had been reached among the parties.

Order vacated and case remanded for proceedings not inconsistent with this opinion. Jurisdiction is relinquished.

(1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

(2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or

(3) such person could have joined as an original party in the action or could have been joined therein; or

(4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action.