618 A.2d 1197

**Franciose MILLER, in her own right as parent and natural guardian of Sherrika Miller, a minor,**

**v.**

**LANKENAU HOSPITAL and Joanne Leahey, M.D. and Russell R. Janson, M.D. and Robert J. Mitchell and E. Lawrence Langan and John F. Goldener.**

**Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE.**

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1992.

Decided Dec. 17, 1992.

Andrew A. Coats, Asst. Counsel, for appellant.

Kathleen E. Boyle, for appellees.

Before CRAIG, President Judge, SMITH, Judge, and NARICK, Senior Judge.

NARICK, Senior Judge.

The Commonwealth of Pennsylvania, Department of Public Welfare (DPW) appeals from an order of the Philadelphia County Court of Common Pleas which denied its petition to open settlement and permit intervention. We reverse and remand.

Sherrika Miller (Sherrika) was born on June 8, 1982 in Lankenau Hospital (Lankenau). Shortly after delivery, Sherrika sustained injuries. During this time, Franciose Miller

(Miller), Sherrika's mother, received benefits under the Pennsylvania Medical Assistance Program (Medicaid). Upon her birth, Sherrika was added to the Medicaid grant. Miller filed suit against Lankenau and various other parties, alleging medical malpractice. On July 11, 1989, the trial court approved a 2.5 million dollar settlement. The trial court later amended its order and directed the funds to be administered by a guardian. Continental Bank was appointed for this purpose.

Almost a year after the settlement, counsel for the Millers sent a letter to DPW, stating that the case had been settled. DPW filed a petition to open settlement and permit intervention. DPW was petitioning the court to assert its claim for medical benefits, exceeding $220,000 which had been paid on behalf of Sherrika since the cause of action arose. Continental Bank filed a response to DPW's petition that did not oppose the petition but only disputed the amount of DPW's medical assistance claim. Neither counsel for the Millers nor counsel for Lankenau filed any response. The trial court denied DPW's petition.

On appeal to this Court,[1] DPW argues that the trial court committed an error of law in denying the petition.[2] We agree.

Title XIX of the Social Security Act, 42 U.S.C. §§ 1396–1396u, allows the states broad discretion in developing Medicaid programs. Under state law, DPW is the sole state agency charged with administering Medicaid. Section 201 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. § 201. As a condition for receipt of contin-

---

1. Our scope of review in an appeal from an order of the trial court is limited to a determination of whether constitutional rights were violated, errors of law committed, or whether the action of the trial court demonstrates a manifest abuse of discretion. *Department of Public Welfare v. Ward*, 108 Pa.Commonwealth Ct. 572, 530 A.2d 145 (1987).

2. In its appeal to this Court, DPW makes two other arguments: 1) that the trial court erred in ruling that DPW had not met the criteria for opening a settlement; and 2) that the trial court erred in ruling that DPW is barred from raising its claim by the doctrine of laches. Because it is our opinion that the trial court erred in denying DPW's petition as a matter of law, we need not address these arguments.

ued federal funding, DPW must vigorously seek reimbursement from third parties liable for causing injuries to Medicaid recipients. 42 U.S.C. § 1396a(a)(25), 42 U.S.C. § 1396k and 42 C.F.R. §§ 433.135–433.154. Federal law prohibits Medicaid from being the *primary* insurance when a third party (including private health insurance) is legally liable for the costs of the injured party's medical expenses. 42 U.S.C. § 1396a(a)(25), 42 U.S.C. § 1396k and 42 C.F.R. §§ 433.137–433.139, § 433.151.

Pursuant to this federal mandate, the Pennsylvania General Assembly enacted the Fraud and Abuse Control Act of 1980 (Act).[3] Section 1409 of the Act, 62 P.S. § 1409, states that DPW has the right to recover the reasonable value of medical assistance granted to a recipient when those benefits are provided as a result of an injury for which another person or insurer is liable.

The trial court did not consider any of the state or federal statutes governing DPW or Medicaid. Instead the trial court reasoned that DPW could have intervened at any time after the commencement of the action in 1984. Further, the trial court found that DPW "by its own admission did not seek to become a party until it was notified of the settlement agreement even though it was aware throughout the litigation and took no part in this case." (Trial court opinion, p. 3.)

However, Section 1409(b)(9) of the Act specifically states:

No judgment, award or settlement in any action or claim by a beneficiary to recover damages for injuries where the department has an interest, *shall be satisfied without first giving the department notice and an opportunity to perfect [its] lien.* (Emphasis supplied.)

Lankenau and the Millers did not notify DPW that the case had been settled until almost a year after the settlement. Section 1409(b)(9) of the Act does not require DPW to act *until* actual notification of the proposed settlement.

3. Sections 1401–1411 of the Public Welfare Code, added by the Act of July 10, 1980, P.L. 493, *as amended*, 62 P.S. §§ 1401–1411.

Although this is a case of first impression for the Commonwealth Court, the Superior Court has held that DPW is entitled to intervene in cases where DPW has not been properly notified. *Viadock v. Nesbitt Memorial Hospital,* 339 Pa.Superior Ct. 437, 489 A.2d 240 (1985); *Chiesa v. Fetchko,* 318 Pa.Superior Ct. 188, 464 A.2d 1293 (1983), *aff'd,* 504 Pa. 503, 475 A.2d 740 (1984).

Because DPW was not properly notified of the settlement in this case, the trial court erred in not granting DPW's petition.

Accordingly, we reverse and remand for proceedings not inconsistent with the foregoing opinion. Jurisdiction relinquished.

## ORDER

AND NOW, this 17th day of December, 1992, the order of the Court of Common Pleas of Philadelphia County is hereby reversed and the case is remanded for proceedings not inconsistent with the foregoing opinion.

Jurisdiction relinquished.