## Ramsey v. Rich Hill Township Volunteer Fire Department

*Edward J. Balzarini Jr.,* for plaintiff.

*Victor J. Sullivan Jr.,* for defendant Rich Hill Township Volunteer Fire Dept.

*Jayne M. Chiurazzi,* for defendant EMS Southwest Inc.

*Kathleen S. McAllister,* for defendant United Services Ambulance Inc.

*Steven M. Toprani,* for intervenor, Commonwealth of PA, Dept. of Public Welfare.

MOSCHETTA, *J.,* October 12, 2005—Presently before the court is a petition for leave to intervene in partial settlement of a minor's claim pursuant to joint tort-feasor releases, filed by the Commonwealth of Pennsylvania, Department of Public Welfare. For the reasons that follow, the motion will be denied.

## I. BACKGROUND

The parties are familiar with the facts of this case and they need not be recited in detail here. At this juncture, plaintiff and several of the defendants are in a position to partially settle the case. The Commonwealth now brings this petition to intervene in the proposed settlement so that it might attempt to recover funds, in the form of a subrogation lien, that it has expended for the purpose of providing medical care to plaintiff.

## II. STANDARD OF REVIEW

Whether to permit intervention is a matter within the court's sound discretion. *Viadock v. Nesbitt Memorial Hospital,* 339 Pa. Super. 437, 442, 489 A.2d 240, 242 (1985), citing *Darlington v. Reilly,* 363 Pa. 72, 69 A.2d 84 (1949) and *Harrington v. Philadelphia City Employees Federal Credit Union,* 243 Pa. Super. 33, 364 A.2d 435 (1976). Unless the court manifestly abuses its dis-

cretion, its decision regarding intervention will not be disturbed. *Id.*

## III. DISCUSSION

The Pennsylvania Superior Court has stated it is well established that an action for subrogation is one based on considerations of equity and good conscience. The goal is to place the burden of the debt upon the person who should bear it. The right of subrogation may be contractually declared or founded in equity, but even if contractually declared, it is to be regarded as based upon and governed by equitable principles. It has often been said that the equitable doctrine of subrogation places the subrogee in the precise position of the one to whose rights and disabilities he is subrogated. *Brinkley v. Pealer,* 341 Pa. Super. 432, 438-40, 491 A.2d 894, 898 (1985).

In the instant case, plaintiff does not have a valid claim against defendants for the recovery of medical expenses. Had his mother and natural guardian, Mary Blake, filed an action on her own behalf, she could have sought compensation from defendants for her son's past and future medical expenses. She did not file an action on her own behalf, however, and it is uncontested that the statute of limitations on any such action expired in 1996. Accordingly, because neither plaintiff Jonathan Ramsey nor his mother and guardian, Mary Blake, have a cognizable cause of action for medical expenses against defendants, the Commonwealth does not have a valid subrogation lien and as such, the court will not permit it to intervene in the proposed partial settlement of this case.

## IV. CONCLUSION

As a subrogee, the Commonwealth cannot assert rights greater than those held by Jonathan Ramsey, plaintiff in this action. Because plaintiff does not have a valid claim for medical expenses, neither can the Commonwealth of Pennsylvania, Department of Welfare. Thus, its petition to intervene in the partial settlement between plaintiff and several of the defendants in this matter is denied.

## ORDER

And now, October 12, 2005, after argument and in consideration of the motions and briefs filed, the Commonwealth of Pennsylvania, Department of Welfare's petition for leave to intervene in partial settlement of a minor's claim pursuant to joint tort-feasor releases is hereby denied.