**Victor GALINDO, a minor by his parents and Natural Guardians, Brenda GOMEZ and Julio Galindo, and Brenda Gomez and Julio Galindo, in their own right**

v.

**CROZIER–KEYSTONE HEALTH SYSTEM; Crozer Chester Medical Center; Delaware Valley Women's Health Associates; Drexel University College of Medicine; Helen Kuroki, M.D.; Emily Reeves, M.D.; and Dolores Turse, R.N.**

**Appeal of: Commonwealth of Pennsylvania, Department of Public Welfare.**

Commonwealth Court of Pennsylvania.

Argued Nov. 11, 2008.
Decided Jan. 8, 2009.
Publication Ordered March 10, 2009.

Jason Manne, Deputy Chief Counsel, Pittsburgh, for appellant.

Susan A. Morgan, Philadelphia, for appellee, Victor Galindo, Brenda Gomez, and Julio Galindo.

BEFORE: COHN JUBELIRER, Judge, BUTLER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

The Department of Public Welfare (Department) appeals from an order of the Court of Common Pleas of Delaware County (trial court) that denied the Department's petition to intervene in a medical malpractice case brought by a minor who had received medical assistance benefits (MA) from the Department. At issue in this case is whether the Department may intervene in a personal injury case in which a minor's parents' claims have been dismissed and, if so, whether the five-year statute of limitations of Section 1409(b)(4) of the Fraud and Abuse Control Act (FACA)[1] applies. As these issues have recently been addressed in two decisions of this Court, *Jordan v. Western Pennsylvania Hospital,* 961 A.2d 220 (Pa.Cmwlth. 2008), and *Shaffer–Doan v. Department of Public Welfare,* 960 A.2d 500 (Pa.Cmwlth. 2008), we reverse the trial court's order.

In December 1999, Victor Galindo (V.G.) suffered severe injuries during his birth as a result of alleged medical malpractice by several medical care providers. After his birth, V.G.'s parents applied for, and received, MA benefits from the Department for V.G. It appears, but is not entirely clear, that the Department began making MA payments to V.G.'s parents in December 1999 or early 2000. It is also not entirely clear when the Department first learned that V.G.'s condition was purportedly caused by medical malpractice. Slightly less than eight years after V.G.'s birth, in October 2007, V.G.'s parents filed a medical malpractice action in the trial court on their own behalf and on behalf of V.G. (collectively, Plaintiffs). Counsel for Plaintiffs notified the Department of the pending lawsuit. Thereafter, in February 2008, the Department provided a Statement of Claim Summary (Claim Summary) to Plaintiffs for MA paid, totaling in excess of $160,000.

In April 2008, the Department filed with the trial court a Petition to Intervene in Plaintiffs' medical malpractice case. Defendant medical providers filed a motion for judgment on the pleadings as to the parents' claims, which included claims for medical expenses incurred and to be incurred during V.G.'s minority. The trial court granted this motion on June 2, 2008, dismissing all of the parents' claims. Consequently, the trial court denied the Department's Petition to Intervene on June 6, 2008, relying on *Bowmaster v. Clair,* 933 A.2d 86 (Pa.Super.2007), *petition for allowance of appeal granted,* 598 Pa. 593, 959 A.2d 900, No. 970 MAL 2007 (Oct. 15, 2008), to conclude that the Department's claim was derivative of the parents' claim and, thus, could not be pursued since the parents' claim had been dismissed. The trial court also rejected the Department's argument that Section 1409(b)(5) of FACA does not limit the time period for the

---

1. Act of June 13, 1967, P.L. 31, added by the Act of July 10, 1980, P.L. 493, *as amended,* 62 P.S. § 1409(b)(4).

Department to intervene in a case. The Department appealed the trial court's decision to this Court.[2]

On appeal, the Department first argues that Section 1409(b)(1) of FACA, 62 P.S. § 1409(b)(1), gives the Department an independent and non-derivative cause of action against liable third parties for recovery of medical expenses that the Department has paid by MA. Under Section 1409(b)(1), "[w]hen benefits are provided or will be provided to a beneficiary under this section because of an injury for which another person is liable ... the department shall have the right to recover from such person ... the reasonable value of benefits so provided." The term "eligible person" is defined in FACA as "anyone who lawfully receives or holds a medical assistance eligibility identification card from the department." Section 1401 of FACA, 62 P.S. § 1401.

The trial court in this case relied on *Bowmaster* to conclude that the parents were the true beneficiaries of MA benefits. In *Bowmaster*, the Superior Court concluded that since parents bear financial responsibility for a minor's medical expenses, it was the parents, and not the minor, who were beneficiaries of MA benefits paid by the Department for the minor's medical expenses. *Bowmaster*, 933 A.2d at 90–91. Since the parents' claims were barred because the parents failed to bring them within the applicable statute of limitations, the Superior Court concluded that the Department was necessarily precluded from recovering for the MA benefits paid during the child's minority. *Id.* at 91. In the present case, consistent with *Bowmaster*, the trial court concluded that the Department's claim for reimbursement

of MA benefits was barred because the parents' claims were barred. Subsequent to the trial court's decision in this case, this Court, in *Shaffer–Doan*, addressed the same issue as in *Bowmaster*, but reached a different conclusion.

In *Shaffer–Doan*, this Court concluded that the Department is permitted to pursue a claim for MA benefits paid during a child's minority, even if the parents have either failed to bring a claim, or if their claim is time-barred:

> [W]e conclude that a minor is not prevented from seeking medical expenses incurred while he is a minor, so as to enable [the Department] to recover its lien for monies it has expended, as long as such a claim is not duplicated by the parents. . . .
>
> . . . [W]e find that as minors are the intended beneficiaries of MA, these provisions of FACA afford [the Department] a means to recover from third-party tortfeasors the amount [the Department] provided.

*Shaffer–Doan*, 960 A.2d at 516–17 (footnote omitted). While *Shaffer–Doan* was a declaratory judgment case in this Court's original jurisdiction that did not squarely address the issue of intervention, our decision in Jordan did address the issue.

In *Jordan*, we applied *Shaffer–Doan* to vacate a trial court's order that denied the Department's request to intervene in a case. *Jordan*, 961 A.2d at 221. In doing so, we noted that the trial court erred in not considering the merits of the Department's intervention petition and remanded the matter for the trial court to consider the merits, particularly in light of our

2. "This Court's scope of review of the denial of a petition to intervene is limited to determining whether the trial court abused its discretion or committed an error of law."

*Chairge v. Exeter Borough Zoning Hearing Board*, 151 Pa.Cmwlth. 220, 616 A.2d 1057, 1058 (1992).

*Shaffer–Doan* decision. *Jordan,* 961 A.2d at 226.

While the trial court's intervention analysis, in this case, was understandable as an application of the *Bowmaster* case, we must find that, per *Shaffer–Doan* and Jordan, the trial court erred as a matter of law in denying the intervention request on the basis that the parents' claim was precluded.

■ The second issue before us relates to what statute of limitations applies to the Department's intervention request. Resolution of this issue requires us to interpret and apply two subsections of Section 1409 of FACA, subsections (b)(4) and (b)(5). Subsection (b)(4) requires actions *brought by* the Department to be brought "within five years." Specifically, Section 1409(b)(4) states:

> Where an action is brought by the department pursuant to this section, it shall be commenced within five years of the date the cause of action arises.

62 P.S. 1409(b)(4).[3] Subsection (b)(5) provides rules for the Department when it *intervenes* in a case already brought by or on behalf of the MA recipient. Specifically, this subsection permits the Department to intervene in an action brought by an MA beneficiary at any time prior to trial:

> If either the beneficiary or the department brings an action or claim against such third party or insurer, the beneficiary or the department shall within thirty days of filing the action give to the other written notice by personal service, or certified or registered mail of the action or claim. Proof of such notice shall be filed in such action or claim. If **an action or claim is brought by ei-** **ther the department or beneficiary, the other may, at any time before trial on the facts, become a party to, or shall consolidate his action or claim with the other if brought independently.**

62 P.S. § 1409(b)(5) (emphasis added). The Department argues that the five-year period identified in subsection (b)(4) does not apply when the Department intervenes in a case and that, in such an instance, per subsection (b)(5), the Department can intervene "at any time before trial." We agree.

■ Reading the language of these subsections together, we believe the General Assembly clearly intended FACA not to limit the Department's ability to intervene to the five-year period provided for in Section 1409(b)(4). As we held in Jordan, "[t]he five-year statutory limit applies only in situations in which the Department elects to pursue an action on its own behalf against a potential third-party tort-feasor." *Jordan,* 961 A.2d at 226. If the Department does not pursue such an action on its own behalf within five years and, if the minor beneficiary does not bring a claim during the minors statutory period, the Department would be precluded from recovering the MA benefits it paid under subsection (b)(4). However, under subsection (b)(5), the Department can intervene at any time. Therefore, even if the Department did not bring its own action within five years, as long as the minor beneficiary does bring a claim within the minors statutory period, the Department would be able to intervene and add its item of dam-

---

**3.** Amendments enacted by the Act of July 4, 2008, P.L. 557, not applicable in this case, have extended the statute of limitations to seven years. The amendments also allow the Department to commence an action within two years of learning of a settlement or judgment when the Department was not provided with adequate notice prior to a court entering judgment or the parties entering a settlement.

ages to the minors claim.[4]

■■■ This discrepancy is consistent with Pennsylvania law because, when the Department intervenes, it only adds damages to the existing claim, and it does not assert any new theory of liability or claim of injury. The cases in which the Department intervenes to recoup its payment of MA are typically negligence actions. In a negligence action, a cause of action is defined as "the negligent act or acts which occasioned the injury." *Saracina v. Cotoia*, 417 Pa. 80, 85, 208 A.2d 764, 767 (1965). An amendment constitutes a new cause of action if it adds or changes the theory of recovery upon which relief is sought through the introduction of new factual allegations. *See Willinger v. Mercy Catholic Med. Ctr. of Southeastern Pennsylvania, Fitzgerald Mercy Div.*, 482 Pa. 441, 444 n. 2, 393 A.2d 1188, 1189 n. 2 (1978). In a case such as the present one, the defendants have already been apprised of the underlying factual causes of the negligence claim against them, and the Department's claim adds no new factual averments to the underlying negligence action. *Connor v. Allegheny General Hospital*, 501 Pa. 306, 310, 461 A.2d 600, 602 (1983);[5] *see also Groh v. Philadelphia Electric Co.*, 441 Pa. 345, 353, 271 A.2d 265, 269 (1970) (holding that the addition of damages to an action is not precluded by the statute of limitations). As such, the addition of another item of damages is not prejudicial to the tort defendants.

Related to its argument regarding the statute of limitations, the Department raises two additional arguments. First, the Department argues that the five-year limitation period is in derogation of the doctrine of *nullum tempus occurrit regi* (time does not run against the king). Second, the Department also argues that it should be allowed to apply the discovery rule set

---

4. Although the present case involves a minor's injury, the statutory system set up by FACA must not be looked at merely through the lens of a minor's cause of action—minors are only a subset of all MA recipients. In a case involving an adult who received MA benefits, that adult would have the standard two-year statute of limitations to bring a negligence claim against a tort-feasor. In contrast, FACA not only authorizes the Department to bring a claim on behalf of a MA beneficiary, but also extends the time period by three years for such a claim to be brought (when it is brought by the Department). From the General Assembly's extension of the period to bring such a claim, we may discern a clear legislative intent to afford the Department a broad means of recouping payments it has made. Similarly, within that extension is a tacit recognition that the Department has a significant caseload and that it may not learn, in a timely manner, that a MA beneficiary may have a potential claim against a tort-feasor who bears some responsibility for injuries that led to the Department's payment of MA.

Viewed in this light, the five-year statute of limitations, thus, allows the Department to pursue a beneficiary's claim, even when the beneficiary, herself, would be precluded from bringing her own claim based on the expiration of her statute of limitations.

5. In *Connor*, the Supreme Court held that a proposed amendment was a mere amplification of the original claim because it only averred other ways in which the defendant was negligent in failing to use due care and caution under the circumstances. *Connor*, 501 Pa. at 310, 461 A.2d at 602. An amendment which just sets forth, with more particularity, the averments of the original cause of action may be permitted even after the statute of limitations has run on the underlying claim. *Schwab v. P.J. Oesterling & Son, Inc.*, 386 Pa. 388, 393, 126 A.2d 418, 420–21 (1956). Applied to the present case, the Department's claim for the minor's medical expenses is, essentially, an addition to an existing cause of action—it arises from the same operative set of facts and does not alter the theory of recovery. It affects only the amount of damages recoverable: the minor would be attempting to recover future medical expenses and the Department its payment of past medical expenses.

forth in *Fine v. Checcio*, 582 Pa. 253, 870 A.2d 850 (2005). We note that this Court has already concluded that the doctrine of *nullum tempus occurrit regi* does not apply to the Department under FACA. *Department of Public Welfare v. Maryland Casualty Co.*, 164 Pa.Cmwlth. 301, 643 A.2d 139, 141 (1994). Accordingly, we reject this argument. As to the application of the discovery rule, we note that, under the facts of this case, we need not reach this issue because, as discussed, the Department may, under subsection (b)(5), intervene at any point prior to the time of trial.

For these reasons, the trial court's order denying the Department's Petition to Intervene is reversed.

### *ORDER*

**NOW**, January 8, 2009, the order of the Court of Common Pleas of Delaware County in the above captioned matter is REVERSED.