**George MARKER, Jr., Executor of the Estate of Mildred Marker, deceased**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION; Consolidated Rail Corporation, a corporation; and Lillian M. Vance, Executrix of the Estate of Ralph N. McElheny, deceased,**

**Commonwealth of Pennsylvania, Department of Transportation, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1995.

Decided Feb. 14, 1996.

Publication Ordered June 6, 1996.

**346**

Robert T. McDermott, Deputy Atty. Gen., for appellant.

Thomas Hollander, for appellee, George Marker, Jr.

Before PELLEGRINI and KELLEY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

In these consolidated appeals, the Pennsylvania Department of Transportation (DOT) appeals from two orders of the Court of Common Pleas of Allegheny County (trial court) separately denying DOT's post trial motions and granting a motion to add delay damages filed by George Marker, Jr., Executor of the Estate of Mildred Marker, deceased.[1]

This matter arose out of an occurrence on Pennsylvania State Route 837. On February 23, 1990, Mildred Marker was travelling on State Route 837 in Allegheny County when a tree fell onto her car causing her death. In May 1990, Mrs. Marker's spouse, George Marker, Jr. (Marker), filed suit for wrongful death and survival against DOT with respect to the maintenance of the highway and adjacent property. In 1993, Marker filed a second amended complaint against, in addition to DOT, Consolidated Rail Corporation (CONRAIL) and Lillian M. Vance, Executrix of the Estate of Ralph N. McElheny, deceased, as adjacent property owners. DOT filed an answer and new matter alleging therein, *inter alia*, that Marker's cause of action against DOT was barred by the doctrine of sovereign immunity and that the cause of action against DOT did not fall within any of the nine exceptions enumerated in what is commonly referred to as the Sovereign Immunity Act.[2]

After a jury trial, DOT, CONRAIL, and Vance each moved for a compulsory nonsuit. The trial court granted CONRAIL's and Vance's motions and entered nonsuits in their favor. The trial court denied DOT's motion for compulsory nonsuit and DOT's later motion for a directed verdict. The basis, *inter alia*, for DOT's motions was that Marker had not established that the dangerous condition, which was the tree, derived, originated from or had as its source any Commonwealth owned real estate.[3]

---

**1.** These appeals were consolidated by order of this court dated April 17, 1995.

**2.** 42 Pa.C.S. §§ 8521—8528.

**3.** Section 8522(b) of the Judicial Code provides, in pertinent part, that certain acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

    (4) Commonwealth real estate, highways and sidewalks. —— A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5) [dealing with potholes and sinkholes].

42 Pa.C.S. § 8522(b)(4).

Thereafter, the jury returned a verdict in favor of Marker and against DOT for $105,-000 in the wrongful death action and for $15,000 in the survival action. DOT filed a timely motion for post-trial relief requesting that the trial court enter a judgment notwithstanding the verdict in DOT's favor or enter an order granting a new trial.

By order of March 6, 1995, the trial court denied DOT's motion for post-trial relief. In an opinion in support of its order, the trial court rejected DOT's position that the real estate from which the tree grew was real estate outside the scope of the legal right-of-way of State Route 837. The trial court opined that the characterization of the real estate from which the tree grew was immaterial because the real estate exception to sovereign immunity found at 42 Pa.C.S. § 8522(b)(4) imposes liability due to the construction of the highway, an undisputed area of state real estate. Specifically, the trial court stated that:

A highway built adjacent to a cliff where soft-rooted trees known to fall easily jut out is a dangerously constructed highway. The potential for damage to vehicles travelling the highway constitutes state real estate in a "dangerous condition" under 42 Pa.C.S. § 8522(b)(4).

It is evident that the real estate exception as construed today, applies here. The Commonwealth's highway was constructed just adjacent to a cliff possessing tree growth of root deterioration. Plaintiff's injury resulted from the construction and position of the highway. A dangerous condition of the real estate, then, caused the harm. The sovereign immunity enjoyed by the Commonwealth is waived here.

Reproduced Record (R.) at 390a; 392a.

Marker filed a motion to add damages for delay pursuant to Pa.R.C.P. No. 238 which the trial granted by order of March 23, 1995. The trial court molded the verdict to add the sum of $12,487.04 for a total verdict of $117,-487.04 in the wrongful death action and further molded the verdict to add the sum of $1,782.13 for a total verdict of $16,782.13 in the survival action.

DOT now appeals to this court and raises the following issues:

1. Whether the trial court erred in failing to grant DOT's motion for compulsory nonsuit and/or motion for directed verdict where the evidence put forth at trial failed to establish that the tree which fell was located on Commonwealth realty as required by the Sovereign Immunity Act.

2. Whether the trial court erred in refusing to permit testimony and evidence with regard to the determination and location of the right-of-way of State Route 837.

3. Whether the trial court erred in the charge to the jury.

4. Whether the trial court erred in awarding delay damages in the wrongful death action.

■■■■ This court's scope of review of a trial court's ruling on a motion for judgment n.o.v. or a new trial is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Krevitz v. City of Philadelphia*, 167 Pa. Cmwlth. 412, 648 A.2d 353 (1994). Under the abuse of discretion standard of review, abuse of discretion may not be found merely because the appellate court might have reached a different conclusion; rather, it requires a showing of manifest unreasonableness or partiality, prejudice, bias or ill will or such lack of support as to be clearly erroneous. *Paden v. Baker Concrete Construction, Inc.*, 540 Pa. 409, 658 A.2d 341 (1995).

■■■■ In deciding whether judgment n.o.v. is warranted, this court must consider the evidence and any conflicts therein in the light most favorable to the verdict winner who is afforded the benefit of all reasonable factual inferences that arise from the evidence. *Sacco v. City of Scranton*, 115 Pa. Cmwlth. 512, 540 A.2d 1370 (1988), *petition for allowance of appeal denied*, 524 Pa. 601, 568 A.2d 1251 (1989). A judgment n.o.v. will be granted only in clear cases where the facts are such that no two reasonable persons could fail to agree that the verdict was improper. *Moore v. City of Philadelphia*, 131 Pa.Cmwlth. 586, 571 A.2d 518 (1990), *petition for allowance of appeal denied*, 527 Pa. 589, 588 A.2d 511 (1991).

In the present appeals, DOT first argues that the trial court erred in failing to grant DOT's motion for compulsory nonsuit and/or directed verdict since the evidence put forth at trial failed to establish that the tree which fell was located on Commonwealth realty as required by the Sovereign Immunity Act. We agree.

Our Supreme Court addressed the real estate exception to sovereign immunity in *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989). In *Snyder*, our Supreme Court was called upon to decide two issues: whether DOT owed a duty either to take corrective action or warn of an existing hazardous condition on adjacent property of a third party and whether, if such a duty does exist, the claim was barred by sovereign immunity.[4] *Snyder*, 522 Pa. at 431, 562 A.2d at 310.

In addressing these issues, the *Snyder* court first determined that pursuant to the unambiguous language of the real estate exception to sovereign immunity found at 42 Pa.C.S. § 8522(b)(4) a dangerous condition must derive, originate from or have as its source the Commonwealth realty. *Id.* at 433, 562 A.2d at 311. Next, the *Snyder* court determined that sovereign immunity is waived pursuant to 42 Pa.C.S. § 8522(b)(4) where it is alleged that the artificial condition or defect of the land itself causes an injury to occur. *Id.* at 434–35, 562 A.2d at 312. Our Supreme Court in *Snyder* stated that "[t]he corresponding duty of care a Commonwealth agency owes to those using its real estate, is such as to require that the condition of the property is safe for the activities for which it is regularly used, intended to be used or reasonably foreseen to be used." *Id.* at 435, 562 A.2d at 312.

Accordingly, the *Snyder* court rejected the appellees' assertion that the close proximity between the state highway (L.R.33060) and the hazardous condition (the strip mine) presented an inherently dangerous condition. The *Snyder* court opined that:

Thus, liability is not predicated on a defective condition on Commonwealth land, but rather the knowledge of an inherently dangerous condition contiguous with Commonwealth property which the Commonwealth knows or should reasonably know and takes no action to prevent any harm from occurring. While this theory appears attractive, it is not supported by any exception to our immunity statute.

*Id.*

As recently concluded by our Supreme Court in *Finn v. City of Philadelphia*, 541 Pa. 596, 664 A.2d 1342, 1346 (1995), after reviewing its decision in *Snyder* and related case law involving the real estate exception found at 42 Pa.C.S. § 8522(b)(4), "liability depends, first, on the legal determination that an injury was caused by a condition of government realty itself, deriving, originating from, or having the realty as its source, and, only then, the factual determination that the condition was dangerous." Moreover, exceptions to governmental immunity must be strictly construed. *Finn*.

Accordingly, contrary to the trial court's opinion and Marker's contentions on appeal herein, the characterization of the real estate from which a dangerous condition derives or originates from is material. If the real estate in question from which the dangerous condition derives, originates from or has as its source is not Commonwealth realty, then the Commonwealth cannot be held liable under the real estate exception to sovereign immunity.

A review of the voluminous record in the present matter reveals that Marker failed to establish that the tree which fell on Mrs. Marker's automobile while she was travelling on State Route 837 was located on Commonwealth realty. There was no record evidence which established that the tree was located within the legal right-of-way of State Route 837 or that the tree overhung or encroached on the legal right-of-way. There were no measurements or other supporting evidence introduced at trial which established whose property the tree was located on prior

---

4. In *Snyder*, three people were seriously injured and one person was killed when they exited a vehicle parked along L.R. 33060, scrambled up an embankment, which was seven feet outside L.R. 33060's right-of-way, and fell to the bottom of a strip mine. L.R. 33060 was owned, controlled and maintained by DOT.

to its falling on Mrs. Marker's vehicle. Moreover, the issue of whether the tree was within the legal right-of-way was not presented to the jury and DOT was prohibited by the trial court from presenting evidence as to the determination and location of the legal right-of-way of State Route 837.

Marker's argument regarding liability in this matter is strikingly similar to appellees' argument which our Supreme Court rejected in *Snyder.* Marker argues on appeal herein that DOT is not immune from liability where a dangerous condition of its highway is caused by a defective tree whether the tree grew within or beyond the highway's right of way. Marker contends that the test is whether the dangerous condition can be said to emanate from the highway itself. Marker argues that it is obvious that any danger to members of the driving public from falling trees emanated from the determination to construct or maintain the highway along a steep rock face out of which the shallow rooted tree grew and within the trajectory that tree would take when it fell. Further, Marker relies on section 410 of the State Highway Law[5] and DOT's maintenance manual[6] and argues that DOT employees have the specific responsibility to inspect property adjacent to highways to determine the presence of trees and other vegetation which pose potential harm to users of the Commonwealth highways.

Therefore, as in *Snyder,* Marker's theory of liability "is not predicated on a defective condition on Commonwealth land, but rather the knowledge of an inherently dangerous condition contiguous with Commonwealth property which [DOT] knows or should rea-sonably know and takes no action to prevent any harm from occurring." *Snyder,* 522 Pa. at 435, 562 A.2d at 312. However, this theory is not supported by any exception to our immunity statute. *Id.*

Accordingly, we reject Marker's contentions that (1) DOT is liable based on a responsibility to inspect property outside its legal right-of-way located adjacent to state highways for potential hazards to the motoring public, or (2) the construction of the State Route 837 next to a cliff with shallow rooted trees caused a potentially dangerous condition to emanate from the highway thereby imposing liability upon DOT. As stated in *Snyder,* the dangerous condition must derive, originate from, or have as its source Commonwealth realty and the artificial condition or defect of the land itself must have caused the injury to occur.

Clearly, Marker had the burden in this matter and the record reveals that Marker failed to satisfy his burden. Therefore, the trial court erred in not granting DOT's motion for post-trial relief. DOT is entitled in this matter to an order granting a judgment n.o.v. in its favor. Accordingly, the March 6, 1995 and March 23, 1995 orders of the trial court are reversed and this matter is remanded to the trial court for the entry of judgment n.o.v. in favor of DOT.[7]

### ORDER

NOW, this 14th day of February, 1996, the orders of the Court of Common Pleas of Allegheny County entered at No. GD90–08923, dated March 6, 1995 and March 23, 1995, respectively, are reversed and this mat-

---

5. Act of June 1, 1945, P.L. 1242, *as amended,* 36 P.S. § 670–410. Section 410 of the State Highway Law provides, in pertinent part, that DOT has the absolute right to trim, cut and remove any trees, or other vegetation growing with the legal right-of-way of any state highway or growing on adjacent property in so far as they overhang or encroach upon the legal right-of-way of any state highway.

6. DOT's maintenance manual governing tree trimming, selective thinning and removal provides, in pertinent part, that:

Any roadside tree which constitutes a potential hazard to the motoring public shall be prompt-ly scheduled for removal either by Department Forces or by a specialized tree expert contractor. Where dead, weakened or decayed trees and limbs exists beyond the right-of-way limits and pose a hazard from falling onto the Department's right-of-way, the property owner(s) shall be notified by certified mail of the condition and advised of the owner's responsibility to remove or be subject to future damage claims as they may arise if the tree falls across the highway.
R. at 225a.

7. Due to our resolution of the first issue raised by DOT on appeal, we need not address DOT's three remaining issues.

ter is remanded for the entry of an order granting the Pennsylvania Department of Transportation's motion for post-trial relief and the entry of a judgment notwithstanding the verdict in favor of the Pennsylvania Department of Transportation.

Jurisdiction relinquished.