Daniel CLARK and Debra Clark, Appellants

v.

PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, Warrington Township, Carl & Edeltraud Miller.

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 2008.
Decided Dec. 8, 2008.

Nancy Larkin Taylor, Doylestown, for appellants.

Claudia M. Tesoro, Sr. Deputy Attorney General, Philadelphia, for appellee, Department of Transportation.

BEFORE: LEADBETTER, President Judge, and FRIEDMAN, Judge (P), and SIMPSON, Judge.

OPINION BY Judge FRIEDMAN.

Daniel and Debra Clark (the Clarks) appeal from the January 3, 2008, order of the Court of Common Pleas of Bucks County (trial court) that denied the Clarks' motion for post-trial relief requesting the removal of a compulsory nonsuit granted in favor of the Department of Transportation (DOT). We affirm.

This case arises from a tragic single-vehicle accident. On July 19, 2002, during a summer storm, Debra Clark was driving westbound on Street Road, a state highway located in Warrington Township; her nineteen-year-old son, Daniel, was riding in the front passenger's seat. As the Clarks' vehicle approached the intersection of Street Road and Griffiths Road, a decayed tree fell across Street Road, striking the car and crushing its roof. Daniel suffered a spinal cord injury and was rendered a paraplegic as a result of the accident.

DOT's right-of-way on Street Road measures sixteen and one half feet in either direction from the center line. The trunk of the tree that fell was located approximately thirty-five feet from the center line and had a limb that overhung Street Road, extending to the center line. When the tree fell, it separated from its trunk base, leaving an eleven-foot stump located eighteen and one half feet *beyond* DOT's right-of-way on property owned by Karl and Edeltraud Miller.

On June 27, 2003, the Clarks filed a personal injury action against DOT, alleging that the accident and resulting injuries were a direct and proximate result of DOT's negligent failure to maintain Street Road in a safe condition. Specifically, the Clarks alleged that DOT: failed to correct a known, defective condition of the state highway; permitted a decayed tree to overhang its right-of-way, thereby creating a hazardous condition at the accident site; failed to warn traveling motorists about the hazardous condition of the tree; failed to discover the hazardous condition existing at the accident site; failed to properly maintain the tree, thereby exposing vehicles to danger; and violated DOT regulations relative to state highway maintenance. (Complaint, ¶ 26, R.R. at 21a–22a.)

The case ultimately proceeded to trial, which commenced before a jury on November 28, 2007.[1] At the close of all the

---

1. After the Clarks filed their action, DOT joined the Millers as additional defendants. Thereafter, the Clarks added Warrington Township (Township) as a defendant, asserting that the tree in question was located within the Township's right-of-way. Prior to the commencement of trial, the Clarks settled with the Millers, and the case proceeded against DOT and the Township. After the trial court granted DOT's motion for compulsory nonsuit, the Township settled with the

evidence, DOT moved for a compulsory nonsuit pursuant to Pa. R.C.P. No. 230.1.[2] Stressing that the tree that injured Daniel Clark was not located on Commonwealth property, the trial court concluded that the Clarks did not introduce evidence sufficient to establish a waiver of DOT's sovereign immunity and granted a nonsuit in DOT's favor. By order dated January 3, 2008, the trial court denied the Clarks' post-trial motion to remove the nonsuit and, subsequently, entered judgment for DOT. The Clarks now appeal to this court.[3]

The Clarks argue that the trial court erred in granting DOT's motion for compulsory nonsuit, thereby removing from jury consideration the question of whether, under the circumstances presented, the tree and/or limb constituted a dangerous condition of Commonwealth real estate so as to fall within the real estate exception to sovereign immunity.[4]

█ Initially, we point out that Commonwealth parties, including DOT, generally are immune from tort liability under sections 8521–8528 of the Judicial Code, 42 Pa.C.S. §§ 8521–8528, commonly known as the Sovereign Immunity Act (Act). Pursuant to section 8522(a) of the Act, the defense of sovereign immunity is waived only for damages arising out of a negligent act

where the common law or a statute would permit recovery if the injury were caused by a person not protected by sovereign immunity. 42 Pa.C.S. § 8522(a). To hold the Commonwealth party liable, the plaintiff also must establish that the cause of action falls under one of the exceptions to sovereign immunity contained in section 8522(b), 42 Pa.C.S. § 8522(b). Because the clear intent of the legislature is to insulate government from exposure to tort liability, the exceptions to sovereign immunity are to be strictly construed. *Dean v. Department of Transportation*, 561 Pa. 503, 751 A.2d 1130 (2000).

In this case, the Clarks contend that their cause of action falls within the exception to immunity at 42 Pa.C.S. § 8522(b)(4), which provides as follows:

**(b) Acts which may impose liability.**— The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . .

**(4) Commonwealth real estate, highways and sidewalks.**—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, lease-

Clarks; therefore, in this appeal, we are concerned only with the Clarks' suit against DOT.

2. Pa. R.C.P. No. 230.1 provides that the court, on oral motion of the defendant, may enter a nonsuit on any and all causes of action if, at the close of the plaintiff's case on liability, the plaintiff has failed to establish a right to relief. In deciding the motion, the court considers only that evidence introduced by the plaintiff and evidence favorable to the plaintiff that the defendant introduced prior to the close of the plaintiff's case.

3. Pursuant to Pa. R.A.P.1925(b), Plaintiffs filed a concise statement of matters com-

plained of on appeal on or about February 7, 2008, and, on March 14, 2008, the trial court issued an opinion supporting its decision pursuant to Pa. R.A.P.1925(a).

4. A compulsory nonsuit may be affirmed only if, giving the appellant the benefit of every reasonable inference and resolving all evidentiary conflicts in his or her favor, the facts and circumstances nonetheless lead to the clear conclusion that no liability exists. *Leonard v. Department of Transportation*, 723 A.2d 735 (Pa.Cmwlth.1998), *aff'd*, 565 Pa. 101, 771 A.2d 1238 (2001).

holds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency. . . .

■ The Clarks argue that DOT's negligent actions clearly are encompassed within this exception to sovereign immunity. In support of this position, the Clarks rely on the testimony of Karl Miller. Mr. Miller stated that he was worried that the eight-inch diameter limb overhanging Street Road would cause considerable damage if it fell and hit a car, (N.T., 11/29/07, at 11–13, R.R. at 112a–14a), and he called DOT to inform it of this allegedly dangerous condition months prior to the accident.[5] The Clarks point out that, despite having this actual, advance notice, DOT failed to remove, or even investigate, this allegedly dangerous tree/limb, an

omission that contravened their operational duties, as described by members of DOT's roadside maintenance workers [6] and as set forth in Chapter 13 of DOT's maintenance manual.[7] We disagree that such evidence is sufficient to bring the Clarks' action within the real estate exception to sovereign immunity.

■ Our Supreme Court addressed the real estate exception to sovereign immunity in the context of a Commonwealth roadway in *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989). In that case, three people were seriously injured and one person was killed when they fell into a strip mine that was adjacent to a state highway and seven feet outside DOT's right-of-way. The court in *Snyder* determined that pursuant to the unambiguous language of the real estate exception to sovereign immunity found at 42 Pa.C.S. § 8522(b)(4), "a

5. Mr. Miller explained that he initially called the Township to see who was responsible for the tree, and he was told to contact DOT. (N.T., 11/29/07, at 15–20, R.R. at 118a–23a.) Mr. Miller testified that he called DOT the next day to inquire whether DOT was responsible for the tree; he stated that he gave DOT his address but provided no other information. (N.T., 11/29/07, at 21–23, R.R. at 124a–26a.) Contrary to the Clarks' claim, Mr. Miller never testified that he warned DOT of any decay in the tree or overhanging limb. Mr. Miller also stated that the tree itself appeared healthy, and he wanted the branch removed only because it was over the road. (N.T., 11/29/07, at 38–39, R.R. at 141a–42a.)

6. Former roadside inspector David Riley testified that the state roadways were routinely inspected for hazardous conditions, including those from overhanging trees, and if such a tree showed signs of defect, then the tree would be removed, even if the base were outside DOT's right-of-way. (N.T., 12/4/07, at 18–22, R.R. at 241a–45a.) Kevin Munley, a roadside specialist supervisor, testified that DOT's policy is to identify hazardous trees within its right-of-way and schedule them for removal; he stated that, when the base of the hazardous tree is outside DOT's right-of-way,

he notifies the property owner of the problem so that the tree will be removed. (N.T., 11/30/07, at 38, 51, R.R. at 301a, 314a.)

7. The Clarks assert that Chapter 13, sections 13.5 and 13.6 of the DOT Roadside Maintenance Manual provide a mandate to DOT to protect roadway travelers from dangers caused by weakened or decayed limbs or trees within DOT's right of way. Section 13.5 states that:

> [DOT] shall have the absolute right to trim, cut and remove any trees, grasses, shrubs and vines growing within the legal right of way of any state highway and to trim and cut away trees, grasses, shrubs and vines growing on adjacent property insofar as they overhang or encroach upon the legal right of way of any state highway.

In addition, section 13.6 reads: "Any dead, weakened or decayed trees and limbs within the right-of-way which constitute a dangerous condition of the state highway (as verified by the district roadside specialist) shall be scheduled for removal." However, there is no support for the Clarks' contention, (Clarks' brief at 21), that an overhanging limb, by itself, constitutes a dangerous condition of a state highway that overcomes sovereign immunity.

dangerous condition must *derive, originate from or have as its source the Commonwealth realty.*" *Snyder,* 522 Pa. at 433, 562 A.2d at 311 (emphasis added). *See also Jones v. Southeastern Pennsylvania Transportation Authority,* 565 Pa. 211, 772 A.2d 435 (2001). Thus, the court rejected the plaintiffs' assertion that the close proximity between the state highway and the hazardous condition outside DOT's right-of-way presented an inherently dangerous condition of Commonwealth real estate.[8] In doing so, the court stressed that the plaintiffs did not base DOT's liability on a defective condition of Commonwealth land but, rather, on DOT's failure to take action to prevent harm from occurring when it knew or should have known of an inherently dangerous condition on land contiguous with Commonwealth property. The court observed that, "[w]hile this theory appears attractive, it is not supported by any exception to our immunity statute." *Snyder,* 522 Pa. at 435, 562 A.2d at 312.

This court applied the reasoning of *Snyder* in *Marker v. Department of Transportation,* 677 A.2d 345 (Pa.Cmwlth.), *appeal denied,* 546 Pa. 671, 685 A.2d 549 (1996). In that case, Mrs. Marker was driving on a state highway when a tree fell on her car and caused her death. Mr. Marker filed an action against DOT asserting negligent maintenance of the highway and adjacent property, and the jury rendered a verdict in his favor. The trial court upheld the verdict, rejecting as immaterial DOT's contention that the real estate from which the tree grew was outside DOT's right-of-way. However, relying on *Snyder,* this court stated:

> [C]ontrary to the trial court's opinion ... the characterization of the real estate from which a dangerous condition derives or originates from is material. If the real estate in question from which the dangerous condition derives, originates from or has as its source is not Commonwealth realty, then the Commonwealth cannot be held liable under the real estate exception to sovereign immunity.

*Marker,* 677 A.2d at 348. Because Mr. Marker failed to establish that the tree which fell and killed Mrs. Marker was located on Commonwealth realty, this court reversed and remanded for a judgment in favor of DOT. In doing so, we refused to evaluate DOT's duties imposed by its maintenance manuals to inspect property adjacent to highways for potential harm to users of the Commonwealth highways.

Like the plaintiff in *Marker,* the Clarks argue that DOT is liable because its failure to remove an allegedly dangerous limb overhanging its right-of-way violated the duties set forth in DOT's maintenance manuals. However, as in *Marker,* any such duties become relevant only if the Clarks satisfy the threshold legal requirement that there be a dangerous condition of Commonwealth realty; otherwise, the issue of duty is moot. *Snyder; Dean.* Our courts have consistently held that liability depends, first, "on the legal determination that an injury was caused by a condition of government realty itself, deriving, originating from, or having the realty as its source, *and, only then, the*

---

**8.** The Clarks attempt to distinguish *Snyder,* maintaining that *Snyder* is a "real estate" case rather than a "highway" case. In fact, the Clarks continually attempt to distinguish situations where the "real estate" exception to immunity applies from situations where the "highway" exception applies. (See Clarks' brief at 3, 22–23, 25–27.) However, we note that there is no separate "highway" exception to sovereign immunity; rather, highways under the jurisdiction of a Commonwealth agency are included in the real estate exception as a type of Commonwealth agency real estate.

factual determination that the condition was dangerous."[9] *Jones*, 565 Pa. at 221, 772 A.2d at 441 (quoting *Finn v. City of Philadelphia*, 541 Pa. 596, 605, 664 A.2d 1342, 1346 (1995)). (Emphasis added.) Here, the Clarks failed to present evidence to prove that the decayed tree trunk that caused Daniel Clark's tragic injuries derived, originated from, or had as its source Commonwealth realty; thus, the trial court properly granted nonsuit in favor of DOT. *Snyder*.

The Clarks' attempt to liken the present case to the situation in *Patton v. Department of Transportation*, 669 A.2d 1090 (Pa.Cmwlth.1996), *reversed on other grounds*, 546 Pa. 562, 686 A.2d 1302 (1997), must fail. In that case, the plaintiff's decedent was killed when a large tree limb overhanging the state highway fell onto her car. The evidence demonstrated that the tree itself was within DOT's right-of-way. We held that the evidence also supported a finding that the presence of the tree limb constituted a dangerous condition (due to the topping of the tree and the disproportionate size of the limb) and that DOT's failure to remove the branch prior to the accident was the type of negligence for which immunity was waived by section 8522(b)(4).

*Patton* is distinguishable because, in that case, the overhanging limb grew from a tree that was within the Commonwealth right-of-way, the overhanging *limb* constituted a dangerous condition of the road and the overhanging *limb* caused the fatal injuries when it fell and hit the car. In contrast, the record in the present case contains no evidence that any portion of the tree which overhung Street Road constituted a dangerous condition. Moreover, there is no evidence that any limb which

overhung DOT's right-of-way separated from the decayed tree and impacted the Clarks' vehicle. Instead, the evidence established that the tree separated from its trunk and fell as a single unit from the Millers' property, well outside DOT's right-of-way. Therefore, as a matter of law, the Clarks cannot overcome DOT's entitlement to sovereign immunity.

Accordingly, we affirm.

*ORDER*

AND NOW, this 8th day of December, 2008, the order of the Court of Common Pleas of Bucks County, dated January 3, 2008, is hereby affirmed.

---

9. Therefore, we must reject the Clarks' argument that the trial court erred in removing the factual determination of whether a dan-gerous condition exists from the jury's consideration.