IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fred Paul Polesky, Jr. and Gabriella : 
Polesky, : 
                Appellants : 
               : 
          v. : No. 1250 C.D. 2020
               : ARGUED: October 18, 2021
Commonwealth of Pennsylvania, : 
Department of Transportation and : 
Gene M. Smith : 

BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                          FILED: November 10, 2021

      Fred Paul Polesky, Jr. and Gabriella Polesky (together, Poleskys) appeal from

the September 2, 2020 Order of the Court of Common Pleas of Beaver County (Trial

Court) granting the Motion for Summary Judgment (Summary Judgment Motion)

filed by the Commonwealth of Pennsylvania, Department of Transportation (DOT).

The Trial Court concluded that DOT was immune from suit under Section 8521(a)

of the Judicial Code, 42 Pa. C.S. § 8521(a), commonly known as the Sovereign

Immunity Act,[1] and that the Poleskys failed to prove the applicability of an exception

to DOT's immunity. We agree and, therefore, affirm the Trial Court's Order.

---

     [1] Section 8521(a) of the Sovereign Immunity Act states: "Except as otherwise provided in
this subchapter, no provision of this title shall constitute a waiver of sovereign immunity for the
purpose of 1 Pa.[]C.S. § 2310 (relating to sovereign immunity reaffirmed; specific waiver) or
otherwise." 42 Pa. C.S. § 8521(a). Our Court has explained the Sovereign Immunity Act's
applicability to DOT as follows:

**Background**

On the evening of July 2, 2017, the Poleskys were traveling on State Road 151 (SR 151) in Hopewell, Pennsylvania, when a large tree fell onto the roof of their sport utility vehicle (SUV). At the time of the accident, Ms. Polesky was driving the SUV, and her father, Mr. Polesky, was seated in the back seat. Both Ms. Polesky and her father suffered severe injuries as a result of the accident.

Gene M. Smith owns a parcel of land adjacent to SR 151. DOT had previously acquired a highway right-of-way from Ms. Smith for SR 151. DOT's right-of-way extends 30 feet from the centerline of SR 151 on each side. The tree that fell on the Poleskys' vehicle was located on Ms. Smith's property, three feet beyond DOT's right-of-way.

In July 2018, the Poleskys filed a Complaint against DOT and Ms. Smith (together, Defendants), alleging negligence causes of action against both Defendants. In their Complaint, the Poleskys averred:

8. . . . [Ms.] Smith was responsible for inspecting and maintaining the trees and vegetation on [her] property.

9. . . . [DOT] maintained care, custody, ownership, control, and jurisdiction over SR 151 in Hopewell Township, Beaver County, Pennsylvania, including the cartway and right-of-way extending on both sides of the cartway.

---

"DOT is an administrative agency of the Commonwealth and a 'Commonwealth party' pursuant to [S]ection 8501 of the Judicial Code, 42 Pa.[]C.S. § 8501. Commonwealth agencies, including DOT, are generally immune from tort liability pursuant to [S]ection 8521(a) of the Sovereign Immunity Act, 42 Pa.[]C.S. § 8521(a)." *Cowell v. Dep't of Transp.*, 883 A.2d 705, 708 (Pa.[]Cmwlth.[]2005). Thus, sovereign immunity is available to DOT as a defense in all actions, except where the General Assembly has expressly waived it. *Powell v. Drumheller*, . . . 653 A.2d 619 ([Pa.] 1995).

*Bubba v. Pa. Dep't of Transp.*, 61 A.3d 313, 316 (Pa. Cmwlth. 2013).

2

10. . . . [DOT] was responsible for inspecting and maintaining the trees and vegetation on or along SR 151, including the cartway and right-of-way extending on both sides of the cartway and any trees posing a danger to drivers on said roadway.

Compl. ¶¶ 8-10. The Poleskys alleged that both Defendants "knew or should have known of the dead, dying and/or dangerous condition" of the tree. *Id*. ¶ 21. The Poleskys further alleged that they suffered severe injuries "[a]s a direct and proximate result of the individual, joint, several, and/or combined negligence[] [and] carelessness[] . . . of Defendants . . . in causing, contributing to, and/or failing to prevent [the tree] from falling onto [the Poleskys'] SUV." *Id*. ¶¶ 26, 30; *see* Stip. to Amend Compl. ¶ 1.[2]

In support of their negligence claims against DOT, the Poleskys averred:

39.     The dangerous and/or hazardous tree was affixed to the Commonwealth real estate and/or existed within the Commonwealth right-of-way and therefore the tree existed on/in and was part of the Commonwealth real estate, subjecting it to the real estate exception to the [S]overeign [I]mmunity [A]ct, 42 Pa. C.S. § 8522(b)(4).[3]

---

[2] The Poleskys eventually settled their negligence claims against Ms. Smith. The record shows that Ms. Smith was 97 years old at the time of the accident, and, although she owned the property on which the tree was situated, she no longer resided at that property. Reproduced Record (R.R.) at 128, 353.

[3] Section 8522(b)(4) of the Sovereign Immunity Act provides:

**(b) Acts which may impose liability.**—The following acts by a Commonwealth party *may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by*:

. . . .

**(4) Commonwealth real estate, highways and sidewalks.**—*A dangerous condition of Commonwealth agency real estate and sidewalks, including*

3

40. [DOT] permitted the existence of a dangerous and hazardous condition within its right-of-way for SR 151, specifically a decaying, dying, dead, hazardous, and/or unstable tree and/or limbs that created a dangerous and hazardous condition for members of the public traveling on and along SR 151, and is therefore liable for the injuries and damages described herein.

Compl. ¶¶ 39-40; *see id.* ¶¶ 47-48.

In January 2018, DOT filed an Answer, New Matter, and Cross-Claim to the Complaint (Answer). In its Answer, DOT denied the material averments of the Complaint and averred that it was immune from liability under the Sovereign Immunity Act. Answer ¶ 63. DOT also averred that none of the enumerated exceptions to sovereign immunity applied to the Poleskys' claims and that the alleged dangerous condition did not derive or originate from Commonwealth realty. *Id.* ¶¶ 62, 64.

In June 2020, after the completion of discovery, DOT filed its Summary Judgment Motion, asserting that the Poleskys' cause of action was barred by the Sovereign Immunity Act. DOT alleged that the Poleskys failed to adduce sufficient evidence to establish that their cause of action fell within an enumerated exception to sovereign immunity and, therefore, their claims against DOT should be dismissed. According to DOT, the Poleskys' claims did not fall within the real estate exception to sovereign immunity because the tree fell from a property that was owned by a private individual, Ms. Smith. DOT asserted that for a purportedly dangerous

---

*Commonwealth-owned real property,* leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, *and highways under the jurisdiction of a Commonwealth agency,* except conditions described in paragraph (5).

42 Pa. C.S. § 8522(b)(4) (emphasis added).

4

condition to fall within the real estate exception, the condition must derive or originate from the Commonwealth realty itself. Thus, DOT asserted that the evidence adduced during discovery established that the tree did not derive from Commonwealth real estate, but was located on privately owned real estate.

In their Response to DOT's Summary Judgment Motion, the Poleskys asserted that DOT was not entitled to summary judgment because the real property exception to sovereign immunity applied. The Poleskys claimed that the hazardous tree was affixed to Commonwealth realty and/or existed within a Commonwealth right-of-way, thereby falling within the real estate exception. Specifically, the Poleskys asserted that the evidence adduced during discovery established that: (1) the tree was located within DOT's slope easement for SR 151,[4] over which DOT had custody and control; (2) DOT knew or should have known of the hazardous condition posed by the decaying tree; and (3) DOT caused the decaying condition of the tree.

In support of their claims, the Poleskys relied on a March 2020 expert report prepared by engineer Mark W. Reidenbach. Mr. Reidenbach had conducted a survey of the tree and roadway "to determine the physical location of [the] tree relative to the existing right[-]of[-]way and limit of slope easement of [SR 151]," which "is [a] public road that is maintained by [DOT]." R.R. at 110. In his report, Mr. Reidenbach opined, to a reasonable degree of engineering and surveying certainty, that "[t]he tree in question is located . . . 33 feet from [the] centerline [of SR 151]. This location puts the tree within the required limit of [DOT's] slope easement

_____

[4] *See* Section 210 of the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended*, 36 P.S. § 670-210 (recognizing that the Governor may approve "the condemnation of an easement for highway purposes from all property within the lines marked as required for right of way and *the condemnation of an easement of support or protection from all property within the lines marked as required for slopes*") (emphasis added).

5

regarding [SR 151]." *Id.* The Poleskys also relied on an expert report prepared by arborist Ray Hicks, Ph.D., who opined that the tree at issue had been damaged several years before the accident by negligent trimming, which caused the tree to decay and eventually collapse. *Id.* at 145.

After briefing and oral argument by the parties, the Trial Court granted DOT's Summary Judgment Motion. In its Opinion, the Trial Court concluded:

> [DOT] was not the owner of the property [on] which the tree was situated and[,] as such, it did not have total control of the premises as required to impose liability for the damages caused by the tree.
>
> [The Poleskys] alleged that [DOT] removed or tended to other trees that were in a similar condition to the one that fell on [the Poleskys'] vehicle and within the same area[;] therefore[,] [DOT] was aware of the dangerous condition. This argument would presume that liability is predicated on knowledge of a dangerous condition *adjacent to [the] Commonwealth's land* and failing to take preventative action, which is not supported by any exception to the immunity statute.
>
> . . . .
>
> The incident that gave rise to this matter stems from a tree that was located on property which is owned by a private individual, [Ms.] Smith. *Since the dangerous condition in this matter existed beyond the limits of [DOT's] right[-]of[-]way, coupled with the fact that [DOT] does not own or control the property [on] which it was located, the real property exception to the sovereign immunity statute is inapplicable*, which entitles [DOT] to summary judgment as a matter of law.

Trial Ct. Op., 9/2/20, at 18-19 (internal citation omitted) (emphasis added).[5]  The Poleskys now appeal from that decision.[6]

## Analysis

On appeal, the Poleskys assert that the Trial Court erred in granting DOT's Summary Judgment Motion because the evidence established that the tree at issue was located within DOT's slope easement for SR 151.  The Poleskys contend that because our case law holds that DOT can be held liable for a dangerous condition located within its right-of-way, DOT should likewise be held liable for a dangerous condition located within its roadside slope easement.  Specifically, the Poleskys argue that "th[is] Court's rationale in applying the real estate exception to a dangerous tree within a right[-]of[-]way equally applies to a corresponding slope easement, as [DOT] also maintains control over this area for the protection of the highway."  Poleskys' Br. at 6.

In response, DOT asserts that, insofar as the Poleskys abandoned their original claim that the tree was located within DOT's right-of-way, their claim that the tree was located within DOT's slope easement constitutes a new cause of action that is barred by the two-year statute of limitations.[7]  DOT further asserts that, even if the

---

[5] This Court has stated that "[t]he question of what constitutes a dangerous condition [for purposes of the real estate exception] is a question of fact . . . [;] [h]owever, the determination of whether an action is barred by sovereign immunity is entirely a matter of law."  *Cowell*, 883 A.2d at 708.

[6] Our standard of review of a trial court's grant of summary judgment is *de novo*, and our scope of review is plenary.  *Gior G.P., Inc. v. Waterfront Square Reef, LLC*, 202 A.3d 845, 852 n.10 (Pa. Cmwlth. 2019).  Summary judgment is appropriate only where the record clearly shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Id.*; *see* Pa.R.Civ.P. 1035.2.

Poleskys' slope easement claim were not time-barred, a slope easement is a lesser interest than a highway right-of-way and, thus, is not Commonwealth realty for purposes of the real estate exception to sovereign immunity.

## 1. Statute of Limitations

Before we review the merits of the Poleskys' appeal, we must first address DOT's assertion that the Poleskys' slope easement claim is, in effect, a new cause of action barred by the two-year statute of limitations.

Our Court has explained:

> While amendments to pleadings are liberally granted in general, *an amendment which introduces a new cause of action, i.e., new theory, will not be permitted after the statute of limitations of that cause of action has expired.  Laursen v. Gen[.] Hosp[.] of Monroe C[nty.], . . . 431 A.2d 237, 239 ([Pa.] 1981).  Where, however, the proposed amendment does not change the cause of action, but merely amplifies that which has already been averred, the amendment should be allowed. Id.*  An amendment states a new cause of action where the amendment rests on a different legal theory, basis for recovery[,] or relationship between the parties. *Am[. Motorists Ins. Co. v. Farmers Bank & Tr. Co.*, 644 A.2d 1232, 135 (Pa. Super. 1994)].

*Dep't of Transp. v. Pa. Indus. for Blind & Handicapped*, 886 A.2d 706, 715 (Pa. Cmwlth. 2005) (footnotes omitted) (emphasis added).  However, "[a]n amendment [to a pleading] which just sets forth, with more particularity, the averments of the original cause of action may be permitted even after the statute of limitations has run on the underlying claim." *Galindo ex rel. Gomez v. Crozier-Keystone Health Sys.*, 973 A.2d 4, 9 n.5 (Pa. Cmwlth. 2009).

---

[7] *See* 42 Pa. C.S. § 5524(2) (providing a two-year statute of limitations for "[a]n action to recover damages for injuries to the person . . . caused by the wrongful act or neglect or unlawful violence or negligence of another").  The two-year statute of limitations on the Poleskys' negligence cause of action expired in July 2019; they asserted their slope easement claim for the first time in 2020, after the completion of discovery.

The Poleskys concede that their Complaint contains no factual averments regarding DOT's slope easement because they did not learn of the easement's existence, or of the tree's location within the easement, until discovery. The Poleskys did not seek to amend their Complaint; rather, they asserted this claim for the first time in their Brief in Opposition to DOT's Summary Judgment Motion.

We addressed a similar situation in *DeRitis v. City of Philadelphia*, 582 A.2d 738 (Pa. Cmwlth. 1990). In *DeRitis*, the plaintiff asserted a new theory of recovery for her negligence cause of action in response to the City of Philadelphia's (City) summary judgment motion. In her original complaint, the plaintiff had alleged that a defective bleacher owned by the City caused her injuries. However, at the summary judgment stage of the proceedings, the plaintiff alleged that the City's police officers were negligent in controlling the crowds on the bleachers, causing her injuries. In rejecting the plaintiff's new legal theory, this Court stated:

> [The plaintiff's] second argument concerns her allegation that the City's police were negligent in their control of the crowd on the bleachers at the parade. *This allegation, however, was not set forth in [her] complaint. [The plaintiff] first raised this issue in response to the City's motion for summary judgment.* No petition to amend the complaint was filed, and the City argues that [the plaintiff] is raising a new cause of action well beyond the two-year statute of limitations applicable to this case. *[The plaintiff] contends, however, that her allegation of police negligence is merely an amplification of her general allegations of negligence against the City set forth in her complaint. [Her] complaint, however, sets forth no material facts regarding police conduct. Therefore, her allegation states not an amplification of existing allegations[,] but a new cause of action. See Bendas v. T[wp.] of White Deer, . . .* 569 A.2d 1000 ([Pa.Cmwlth.] 1990) (a party raises a new cause of action where there exist no specific facts alleged in the complaint regarding a theory which the party raises at a later stage in the proceedings); *Shaffer v. P[a.] Assigned Claims Plan Ins. Co. of N[.] Am[.], . . .* 518 A.2d 1213 ([Pa. Super.] 1986) (a party raises a new cause of action if it rests on a different theory, basis

9

for recovery, or relationship between the parties than did the original pleading). *[The plaintiff] improperly raised her new cause of action in "new matter" in opposition to the City's motion for summary judgment; and, thus, the lower court correctly refused to address the contentions set forth in that document. See E-Z Parks, Inc. v. Larson, . . . 498 A.2d 1364 ([Pa. Cmwlth.] 1985), aff'd, . . . 503 A.2d 931 ([Pa.] 1986)* (wherein this Court refused to address the merits of allegations raised improperly in "new matter" filed in response to preliminary objections).

*Id.* at 741 (some internal citations omitted) (emphasis added).

Applying these considerations to the facts of this case, we conclude that the Poleskys' slope easement claim does not constitute a new cause of action, but is merely an amplification of their original negligence claims against DOT. Unlike *DeRitis*, where the plaintiff attempted to assert an entirely different basis for the City's negligence, here the Poleskys' contention that the tree was located within DOT's slope easement for SR 151 is consistent with its allegations that the tree was "affixed to Commonwealth real estate" and "existed on/in and was part of the Commonwealth real estate," thereby falling within the real estate exception to sovereign immunity. Compl. ¶¶ 39, 47. The fact that, during discovery, the Poleskys obtained new information regarding the precise location of the tree relative to DOT's right-of-way and slope easement did not in any way alter the basis of their negligence claims against DOT. Their allegation that the tree was located within DOT's slope easement merely "sets forth, with more particularity, the averments of the[ir] original cause of action." *Galindo*, 973 A.2d at 9 n.5.

Moreover, DOT was plainly on notice of the Poleskys' pursuit of this theory and had the opportunity to defend against it, as DOT directly addressed the slope easement issue, as well as Mr. Reidenbach's expert report, in its Summary Judgment Motion. *See Viener v. Jacobs*, 834 A.2d 546, 560 (Pa. Super. 2003) ("Amendment will not be permitted if it introduces a new theory of liability against a party *without*

10

*sufficient time for the party to defend against that theory*.") (emphasis added).

Therefore, we conclude that the Poleskys' slope easement claim was not barred by the statute of limitations.

## 2. Real Estate Exception to Sovereign Immunity

The Poleskys assert that the Trial Court erred in granting summary judgment in DOT's favor because material issues of fact exist regarding DOT's liability under the real estate exception to sovereign immunity.

To prevail in a negligence cause of action against a Commonwealth agency, such as DOT, the plaintiffs must establish that: (a) their injuries would be recoverable under the common law or a statute creating a cause of action if they had been caused by a person not subject to sovereign immunity; and (b) the cause of action falls within one of the enumerated exceptions to sovereign immunity in Section 8522(b) of the Sovereign Immunity Act. *Dean v. Dep't of Transp.*, 751 A.2d 1130, 1132 (Pa. 2000).[8] However, "because of the clear intent to insulate the government from liability, the exceptions to sovereign immunity *must be strictly construed*." *Cowell*, 883 A.2d at 709 (emphasis added).

In this case, the Poleskys attempt to invoke the real estate exception, which waives sovereign immunity for damages caused by "[a] dangerous condition *of Commonwealth agency real estate . . . , including Commonwealth-owned real property, . . .* and highways under the jurisdiction of a Commonwealth agency." 42 Pa. C.S. § 8522(b)(4) (emphasis added). Our courts have held that for the real estate exception to apply, the alleged "dangerous condition must *derive [from], originate from, or have its source in Commonwealth realty*." *Snyder v. Harmon*, 562 A.2d 307, 311 (Pa. 1989) (emphasis added); *see Dean*, 751 A.2d at 1133 ("[S]overeign

_____

[8] It is undisputed that the Poleskys' claims for damages would be recoverable under the common law had their injuries been caused by a person not subject to sovereign immunity.

11

immunity is waived . . . where it is alleged that the artificial condition or *defect of the land itself* causes an injury to occur.") (emphasis added). However, mere proximity between a state highway and a hazardous condition located outside of DOT's right-of-way is insufficient to invoke the real estate exception. *Snyder*, 562 A.2d at 311-12.

This Court has addressed the applicability of the real estate exception to a hazardous tree in close proximity to a state highway in several prior cases. For example, in *Marker v. Department of Transportation*, 677 A.2d 345 (Pa. Cmwlth. 1996), the decedent was driving on a state highway when a tree fell on her car and caused her death. Her husband filed a negligence action against DOT, asserting negligent maintenance of the highway and adjacent property, and the jury found in his favor. *Id.* at 346-47. DOT filed a post-trial motion seeking judgment notwithstanding the verdict, which the trial court denied. *Id.* at 347. The trial court rejected DOT's contention that the property from which the tree grew was outside of DOT's right-of-way and, thus, not Commonwealth realty. *Id.*

On appeal, however, this Court concluded:

[C]ontrary to the trial court's opinion . . . the characterization of the real estate from which a dangerous condition derives or originates from is material. *If the real estate in question from which the dangerous condition derives, originates from or has as its source is not Commonwealth realty, then the Commonwealth cannot be held liable under the real estate exception to sovereign immunity.*

*Id.* at 348 (emphasis added). We specifically noted that, in that case, "[t]here was no record evidence which established that the tree was *located within the legal right-of-way.*" *Id.* (emphasis added). Therefore, because the plaintiff failed to establish that the tree was located on Commonwealth realty, we reversed and remanded for the entry of judgment in DOT's favor. *Id.*; *see also Clark v. Pa. Dep't of Transp.*,

962 A.2d 692, 698 (Pa. Cmwlth. 2008) (holding that DOT was immune from suit where the tree that injured a motorist was located beyond DOT's right-of-way, even though the tree had a limb overhanging DOT's right-of-way); *but cf. Patton v. Dep't of Transp.*, 669 A.2d 1090, 1092 (Pa. Cmwlth. 1996) (holding that DOT was liable for injuries to a motorist on a state highway caused by an overhanging tree limb that fell on the motorist's vehicle, where the tree itself was located *within DOT's right-of-way*), *rev'd on other grounds*, 686 A.2d 1302 (Pa. 1997).

Here, the evidence of record – including the report of the Poleskys' own engineering expert – established that the tree at issue was located 33 feet from the centerline of SR 151, which was three feet beyond DOT's required right-of-way. *See* R.R. at 110-11. It is also undisputed that the property from which the tree fell was owned by Ms. Smith and, thus, was not Commonwealth-owned realty under Section 8522(b)(4) of the Sovereign Immunity Act. Therefore, under this Court's precedent, DOT cannot be held liable for the allegedly dangerous condition of the tree. *Accord Clark*, 962 A.2d at 697 (concluding, as a matter of law, that the plaintiffs failed to prove the real estate exception to sovereign immunity, where "the evidence established that the tree separated from its trunk and fell as a single unit from [a private individual's] property, well outside [of] DOT's right-of-way").

Recognizing that the record does not support their original claim that the tree was located within DOT's right-of-way, the Poleskys assert, based on Mr. Reidenbach's expert report, that DOT is not immune from liability because the tree was located within DOT's slope easement for SR 151. In essence, the Poleskys contend that a slope easement is the equivalent of a highway right-of-way for purposes of the real estate exception to sovereign immunity. Poleskys' Br. at 7. The

Poleskys, however, cite no legal authority to support this contention, nor have we found any.

Our Supreme Court has explained that "an easement is *not* the equivalent of owning the land. An easement is merely 'a liberty, privilege, or advantage which one may have in the lands of another . . . *[which] cannot be an estate or interest in the land itself, or a right to any part of it*.'" *Coffin v. Old Orchard Dev. Corp.*, 186 A.2d 906, 910 (Pa. 1962) (emphasis added) (citation omitted). While it is true that a right-of-way, by definition, is a form of easement, that does not mean that a highway right-of-way and a slope easement are treated the same for purposes of the Sovereign Immunity Act.

DOT appended to its Summary Judgment Motion portions of an internal DOT document titled, "Publication 14M, Design Manual Part 3, Plans Presentation" (Design Manual). Chapter 3 of the Design Manual, titled "Right-of-Way Plans," specifically identifies a slope easement as a "*lesser interest*" than a highway right-of-way, as follows:

> **N. Slope Easements.** Land necessary for slopes is normally included within the required right-of-way on all limited access highway facilities and free access highway facilities in other than built up areas. *When designated on the [state highway] plan as [a] required slope easement, [DOT] acquires the lesser interest for support and protection* (see 36 P.S. [§] 670-210) as defined on the plan. *The easement allows [DOT] to contour the area for necessary support of the highway and to construct and maintain drainage facilities as necessary to protect the highway. . . .*
>
> . . . .
>
> SLOPE EASEMENT. AN EASEMENT FOR THE SUPPORT AND PROTECTION OF THE HIGHWAY, INCLUDING THE RIGHT TO CONSTRUCT, INSPECT, MAINTAIN, REPAIR, RECONSTRUCT

AND ALTER DRAINAGE FACILITIES AND THE CONTOUR OF THE LAND. THE EASEMENT SHALL NOT PREVENT THE PROPERTY OWNER FROM MAKING ANY LEGAL USE OF THE AREA WHICH IS NOT DETRIMENTAL TO THE NECESSARY SUPPORT AND PROTECTION OF THE HIGHWAY RIGHT-OF-WAY AND THE SAFETY OF THE TRAVELING PUBLIC.

R.R. at 114-15 (capitalization in original; emphasis added); *see* DOT's Br. at 21 (explaining that the Design Manual provides that DOT may acquire a lesser interest in land owned by another for a specific, limited purpose and a slope easement is one such lesser interest). The limited purpose of a slope easement is to permit DOT to "contour the area for necessary support of the highway and to construct and maintain drainage facilities as necessary to protect the highway." R.R. at 114; *see* 36 P.S. § 670-210 (referring to a slope easement as "an easement of support or protection from all property within the lines marked"). The owner of the property on which a slope easement exists retains the right to use the sloped area for any purpose consistent with the support and protection of the highway right-of-way. R.R. at 115.

DOT's Design Manual further states that "[l]and necessary for slopes is *normally included within the required right-of-way*." *Id.* at 114 (emphasis added). Presumably, then, if a slope easement is included *within* DOT's required right-of-way, a dangerous condition located within the slope easement could potentially waive DOT's immunity under our Court's precedent. *Cf. Trenco, Inc. v. Dep't of Transp.*, 560 A.2d 285, 287-88 (Pa. Cmwlth. 1989) (where a landslide damaged trucks traveling on a state highway, this Court concluded that the dangerous condition fell within the real estate exception because the landslide originated on a steep slope adjacent to the highway *within DOT's right-of-way*). Here, however, the record shows that the slope easement on which the tree was situated was *not* within DOT's required right-of-way for SR 151; rather, it was located *three feet beyond*

15

DOT's right-of-way. *See* R.R. at 110-11. Furthermore, when asked how a slope adjacent to a state highway is taken into account in determining whether a roadside tree is within DOT's right-of-way, DOT's District Roadside Specialist, Phillip Mannarelli, testified: "Right-of-way is determined *on a linear plane, absent of any slope*." Mannarelli Dep., 6/27/19, at 22 (emphasis added); *see* R.R. at 111 (showing the line demarcating "Required Right-of-Way" as extending 30 linear feet from the center of SR 151, and the line demarcating "Required Limit of Slope" several feet above the "Required Right-of-Way" line).

In this case, the tree that injured the Poleskys was located on the property of a private individual and beyond the outer limit of DOT's required right-of-way. Indeed, Robert C. Houston, DOT's Assistant Highway Maintenance Manager, testified that the "tree was so far off the roadway, you couldn't see it from the road" and that DOT would not have trimmed "[a] tree that far off the road." Houston Dep., 9/13/19, at 49-50. Because we must narrowly construe the exceptions to sovereign immunity, *see Cowell*, 883 A.2d at 709, we decline to extend the real estate exception to a situation where the alleged dangerous condition did not derive or originate from Commonwealth-owned realty and was located outside of DOT's right-of-way. Therefore, we conclude that the Poleskys failed to establish that the real estate exception to sovereign immunity applies in this case.[9]

---

[9] We further note that the Poleskys devote a significant portion of their appellate brief to arguing that DOT was "in possession" of the land on which the tree was situated, arguing that "[a]s a possessor of the real estate[,] [DOT] can be liable for a dangerous condition on the property as the real estate exception to sovereign immunity applies." Poleskys' Br. at 11; *see id.* at 10 (arguing that "an [e]asement holder is subject to the same liability as any other possessor of the premises"). It appears that the Poleskys have conflated the requirements for waiving immunity under the Sovereign Immunity Act, which applies to DOT, with the requirements for waiving immunity under the statute commonly known as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa. C.S. §§ 8541-42, which applies to local agencies. The real estate exception of the Sovereign

16

## Conclusion

Because we conclude that DOT is immune from suit under the doctrine of sovereign immunity and that the Poleskys have failed to prove the applicability of the real estate exception to DOT's immunity, we affirm the Trial Court's Order.

_____
ELLEN CEISLER, Judge

---

Immunity Act requires that, to impose liability on a state agency, a dangerous condition must *derive from, originate from, or have its source in Commonwealth realty*. *See* 42 Pa. C.S. § 8522(b)(4); *Snyder*, 562 A.2d at 311. On the contrary, the Tort Claims Act imposes liability on a local agency for "[t]he care, custody or control of *real property in the possession of the local agency*." 42 Pa. C.S. § 8542(b)(3) (emphasis added). Whether DOT "possessed" the property on which the tree was located, as a slope easement holder or otherwise, is irrelevant to the applicability of the real estate exception to sovereign immunity.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fred Paul Polesky, Jr. and Gabriella  :
Polesky,                              :
                    Appellants        :
                                      :
        v.                            :  No. 1250 C.D. 2020
                                      :
Commonwealth of Pennsylvania,         :
Department of Transportation and      :
Gene M. Smith                         :

# **O R D E R**

AND NOW, this 10th day of November, 2021, we hereby AFFIRM the September 2, 2020 Order of the Court of Common Pleas of Beaver County.

_____
ELLEN CEISLER, Judge